### E. G. BETTS v. S. C. BAXTER, CONSTABLE, ET AL.

JUDGMENT. *By default. Imperfect return of summons.*

A judgment by default is not void because rendered upon an undated return of the summons, such return being merely imperfect.

ERROR to the Circuit Court of Itawamba County.

Hon. J. A. GREEN, Judge.

E. G. Betts made a motion in a justice's court against S. C. Baxter, constable, and the sureties on his official bond, for his failure to return an execution on the return-day thereof. The judgment on which the execution was issued was taken by default on the following return of the summons, to-wit:

"Came to hand January 18, 1875.

"J. H. STONE, Sheriff, by S. A. BONDS, D. S.

"Executed by reading the same to the within named George Martin, he waiving a copy, as I am commanded.

"J. H. STONE, Sheriff, by S. A. BONDS, D. S."

On the trial of the case in the Circuit Court, upon appeal,

the defendants objected to the admission of the judgment in evidence, on the ground that " the return on the process is not dated, and the judgment, which was by default, is void." The court sustained the objection, and excluded the judgment. The plaintiff excepted to this ruling, and to the judgment against him on the motion sued out a writ of error.

*Blair & Clifton*, for the plaintiff in error.

In passing upon the validity of judgments, the courts will not indulge in nice criticism, but if it can be fairly inferred that the requirements of the law have been met, the judgment will be pronounced valid. *Bacon* v. *Bevan*, 44 Miss. 293. The judgment of an inferior court will be presumed correct, unless the record show the contrary. *Lee* v. *Bennett*, 2 Geo. 128 ; *Cason* v. *Cason*, 2 Geo. 590–595. And this presumption exists wherever there is a possible state of facts which would justify the judgment. *Duncan* v. *McNeill*, 2 Geo. 704. All presumptions in favor of the judgment will be indulged in. *Cason* v. *Cason*, 2 Geo. 578 ; *Cannon* v. *Cooper*, 10 Geo. 789 ; *Scott* v. *Porter*, 44 Miss. 365 ; *Lum* v. *Reed*, 53 Miss. 78. The process was made returnable to the February term ; the judgment was rendered at the return-term, which could not have been done unless the process had been delivered to the court before the return-term.

By rendering judgment, the court decided that the eighteenth day of January, A. D. 1875, was the date of the officer's return, and its adjudication is conclusive. This judgment was never erroneous, and would have been affirmed on appeal. But, if we concede the return fatally defective, the judgment would not be void, but only erroneous, and could not be attacked collaterally. *Smith et ux.* v. *Bradley et al.*, 6 Smed. & M. 492 ; *Crizer et ux.* v. *Gorren*, 41 Miss. 564 ; *Campbell et al.* v. *Hays, Admr.*, 41 Miss. 561 ; *Work* v. *Harper*, 2 Cushm. 517 ; *Campbell et al.* v. *Brown et al.*, 6 How. 114 ; *Hanks et al.* v. *Neal et al.*, 44 Miss. 224 ; *Storm* v. *Smith*, 43 Miss. 500–504 ; *Wall* v. *Wall*, 28 Miss. 411–413, and cases cited.

*Newman Cayce*, for the defendants in error.

A motion against an officer for a failure to return an execution cannot be sustained unless the execution emanates from a valid judgment. *Cox* v. *Ross*, 56 Miss. 486. The record of the judgment on which this motion is based shows that neither the service of the summons nor return of the officer bears date. Unless the summons was served before its return-day, judgment thereon is void. *Daly* v. *The State*, 56 Miss. 480. The judgment in this case was by default.

In this case it cannot be presumed that the court, in rendering the judgment, conclusively adjudicated the existence of the evidence necessary to confer jurisdiction of the person, for the evidence upon which the court acted is required by law to be made a part of the record (Rev. Code 1871, sect. 1308), and the principle to be applied regarding presumptions is similar to that applied to courts of special and limited jurisdiction. The facts necessary to give jurisdiction must appear affirmatively in the record, and until these facts are so shown, no presumption arises. *Gwin* v. *McCarroll*, 1 Smed. & M. 368; *Root* v. *McFerrin*, 37 Miss. 17.

GEORGE, J., delivered the opinion of the court.

The judgment before the justice of the peace, upon which the execution issued, was excluded on the trial of the motion against the constable for a failure to return the execution. This was error. The judgment was at most erroneous, and not void. The failure to date the return made by the sheriff did not make it void. It was but an imperfect return of service, and it is well settled that in such case the judgment is not void.

Judgment reversed and cause remanded.