KERR, Sheriff, v. MURPHY *et al.*

A summons, though giving defendant only two days to appear, whereas Rev. Justices' Code, §§ 14, 15, require that it give him three days, gives the justice jurisdiction, so that his default judgment is not void, but merely erroneous, and therefore is subject only to direct attack, so that a suit to restrain its enforcement will not lie.

(Opinion filed March 1, 1905.)

Appeal from circuit court, Beadle county; Hon. CHARLES S. WHITING, Judge.

Action by George Kerr, as sheriff of Beadle county, against John Murphy and others. Judgment for plaintiff. Defendants appeal. Reversed.

*Kelley & Chamberlain,* for appellants.

Where there is some notice, although defective, the judgment is not void; if there is personal notice, although irregular and defective, there is jurisdiction and the judgment is not void. Brown v. Gobble, 97 Ind. 86; City v. Beach, 96 Ind. 143; McCormick v. Meisler, 89 Ind. 107; Oppenheim v. Pittsburg, etc., Co., 85 Ind. 471; Stout v. Woods, 79 Ind. 108; McAlpine v. Sweetser, 76 Ind. 78; Freeman's Judgments, sec. 126.

*Henry C. Hinckley,* for respondent.

Service of summons is void for failure to give proper length of notice. Nichols v. Fanning, 45 N. Y. S. page 409. Freeman on Judgments, 3d ed., sec. 521-525. Johnson v. Baker, 38 Ill. page 98; Lower v. Wilson, 9 S. D. 252.

Unless process is served the required length of time before the return day it is utterly void and may be cured only by the voluntary appearance of the defendant. 22 Ency. of Law 113; Chaddock v. Barry, 53 N. W. 785.

CORSON, P. J. This is an action in equity brought by George Kerr, as sheriff of Beadle county, against John Murphy, R. B. Brockway, justice of the peace, and A. B. Kenyon, coroner of Beadle county, to restrain the defendants from enforcing three certain judgments alleged to have been entered in the police justice court of Huron by the defendant R. B. Brockway, police justice, in actions wherein John Murphy was plain-

tiff and George Kerr was defendant. Findings and judgment were in favor of the plaintiff, and defendants have appealed.

The court's findings are, in substance, as follows: That said Brockway was the duly elected, qualified, and acting justice of the peace in and for the city of Huron; that defendant Kenyon was the duly elected, qualified, and acting coroner in and for Beadle county; that the plaintiff was the duly elected, qualified, and acting sheriff of Beadle county; that on the 5th day of November, 1902, the defendant John Murphy commenced three actions against the sheriff, as sheriff of the county, in the court of the defendant Brockway; that said actions were in claim and delivery, to recover possession of certain personal property which had been levied upon and was in the possession of the plaintiff, Kerr, as sheriff aforesaid, as the property of one S. D. O'Conners; that on November 5, 1902, three summonses were issued by said Brockway, as such police justice, in said actions, requiring the plaintiff herein to appear before said Brockway on the 8th day of November, 1902, at the hour of 8 o'clock a. m., to answer the complaint of the defendant Murphy; that each and every one of said summonses were served on the plaintiff herein on the 6th day of November, 1902; that the plaintiff failed to appear in said Brockway's court in response to said summonses, or any one of them, on the 8th day of November, or at any time, and that the said Brockway, as justice aforesaid, without the knowledge or consent of the plaintiff herein, and without notice to him, proceeded to and did, enter judgments against him, and in favor of the defendant Murphy, at the hour of 8 o'clock of the 8th day of November, 1902, aforesaid, whereby said Murphy was awarded the possession of the property described in said Murphy's com-

plaint, besides costs of suit; that each and every one of the judgments rendered by the said Brockway, as hereinbefore set out, in favor of defendant Murphy and against said plaintiff, is null and void, and of no force and effect, for the reason that said summonses were not served as required by statute, in that the defendant in said three actions was not given the said three days' notice, as required; and that said justice had no jurisdiction of said case whatever. And the court concludes from the said findings that the three summonses issued in the three several cases aforesaid were not served on the defendant in said action, and that the said Brockway, as justice aforesaid, acquired no jurisdiction by which he could render or enter judgments in said several causes against the said George Kerr, sheriff, aforesaid; that said judgments and all proceedings thereunder are void. The court thereupon entered judgment restraining the said defendants, and all persons claiming under them, from enforcing said judgments by execution or otherwise.

It will be seen from the findings of the court that the summonses in the three actions were dated the 5th day of November, 1902; that they were not served until the 6th; and that judgments were entered thereon on the 8th by default. Two questions are therefore presented by the record: (1) Were the judgments so entered by the police justice void or simply erroneous? (2) Was a suit in equity a proper proceeding to vacate and set aside the said judgments, and to restrain the defendants from proceeding thereunder?

It is contended by the appellants that the judgments were not void; that, by reason of the defective service upon the plaintiff, as sheriff, and defendant in those actions, in giving

him but two days in which to answer, instead of three days, was simply an irregularity on the part of the justice, which could only be taken advantage of in the justice court by motion to vacate and set aside the same, and, if denied, by appeal to the appellate court; that the defective service did not deprive the justice of jurisdiction; that, the moment that personal service was obtained on the plaintiff as defendant in the claim and delivery actions, jurisdiction attached, subject to be defeated by the proper proceedings before the justice, and by appeal to the circuit court having appellate jurisdiction of the same.

It is contended, on the other hand, by the respondent, that the justice's judgments, as found by the court, were absolutely void, and that, being void, an action in equity was the proper remedy to enjoin proceedings thereunder. Section 14 of the Revised Justices' Code provides, "The time specified in the summons for the appearance of the defendant shall in all cases be not less than three nor more than twelve days from the date of the service of the same," and by section 15 it is provided that "when the defendant resides in the county, or is summoned therein, the summons cannot be served within two days of the time fixed for the appearance of the defendant."

It will thus be seen that the time specified in the summons shall, when served within the county, be not less than three nor more than twelve days from the date of the service of the same, and that, when the defendant resides in the county, he cannot be served within two days of the time fixed for the appearance of the defendant. These provisions of the Code are mandatory, and cannot be dispensed with, unless waived by the defentant by appearing in the action, generally at the

time specified in the summons.   The service of the summonses in the cases in the justice's court being made on the 6th of November, and the summonses requiring the defendant thereunder to appear on the 8th day of the same month, under no rule or computation of time, gave him more than two days' notice.   The view that a judgment in such a case is irregular, but not void, seems to be sustained by the great weight of authority.   Mr. Freeman, in his work on Judgments, vol. 1, § 126, says: "There is a difference between a want of jurisdiction and a defect in obtaining jurisdiction.  *  *  *   From the moment of the service of process the court has such control over the litigants that all its subsequent proceedings, however erroneous, are not void.   If there is any irregularity in the process, or in the manner of its service, the defendant must take advantage of such irregularity by some motion or proceeding in the court where the action is pending. The fact that defendant is not given all the time allowed him by law to plead, or that he was served by some person incompetent to make a valid service, or any other fact connected with the service of process, on account of which a judgment by default would be reversed upon appeal, will not ordinarily make the judgment vulnerable to a collateral attack.   In case of an attempted service of process, the presumption exists that the court considered and determined the question whether the acts done were sufficient or insufficient.   If so,  the  conclusion reached by   the   court,   being   derived   from   hearing   and deliberating upon a matter which by law it was authorized to hear and decide, though erroneous, cannot be void."   That learned author, in the note to the section, says:   "A distinction is to be made between a case where there is no service

whatever, and one which is simply defective or irregular. In the first case the court acquired no jurisdiction, and its judgment is void; in the other case, if the court to which the process is returnable adjudges the service to be sufficient, and renders judgment thereon, such judgment is not void, but only subject to be set aside by the court which gave it, upon seasonable and proper application, or reversed upon appeal. Isaacs v. Price, 2 Dill. 351." Judge Black, in his work on Judgments, § 224, says: "Although the service of process in an action may have been characterized by some defect or irregularity, it does not necessarily follow that the ensuing judgment will be void. For, if the party would take advantage of such a matter, he must do so in the action itself, by some proper motion or proceeding. It is only when the attempted service is so irregular as to amount to no service at all that there can be said to be a want of jurisdiction. In any other case there may be error in the subsequent proceedings, but they will be sustained against a collateral attack." In section 223 that learned author says: "But where it appears that there was notice, though defective, and service, though imperfect, a decision of the court to which the process was returnable that such notice and service were sufficient will not be held void in a collateral proceeding. * * * Again, a judgment in an action in which the required number of days' notice was not given to the defendant is erroneous, but not void, and cannot be questioned in a collateral proceeding."

In the case of Ballinger v. Tarbell, 16 Iowa 491, the supreme court of Iowa, speaking by Judge DILLON, says: "It is claimed by the defendants, Claggett, Browne, and Claggett, that the judgment of the plaintiff against Tarbell and Robert-

son was wholly void as against Tarbell, because the justice of the peace who rendered the same had no jurisdiction of the person of the defendant Tarbell; and this is the first question which we are called upon to determine. * * *. That this service, as to Tarbell, was defective, is apparent, because the statute requires five days' notice, and here were only four. It may also be defective because served by the justice himself, and not the constable. It was therefore clearly erroneous in the justice to have rendered judgment against Tarbell on this service. It would have been, without doubt, reversed on writ of error. But it was erroneous simply, and not void. ...It is not a case where there is no service at all, but a case where there was a defective service. The justice erred in deciding that this service authorized him to render judgment against Tarbell; but neither Tarbell nor his assignees can question the validity of this judgment, or claim to have it treated as void in this collateral proceeding."

This question has been very fully considered by the supreme court of Missouri in Leonard v. Sparks, 117 Mo. 103, 22 S. W. 899, and that learned court arrives, after an exhaustive review of the authorities, at the same conclusion, and in its opinion says: "But was complete jurisdiction obtained over Mr. Bouton? The latter personally received an official command to appear in the condemnation case before the mayor at a time named. The notice itself was valid and regular, in the prescribed statutory form, and duly served on Mr. Bouton within the territorial jurisdiction of the mayor. Mr. Bouton was entitled by law to six days' notice; but the mayor would have had jurisdiction over him if he had appeared without any notice, as he might have done. So, also, might he have ob-

jected to the shortness of the service, and have asserted his
right to the full six days' notice by moving at the proper time
to make that objection.   But he did not see fit to do so.   He
was as competent to waive the full length of time of service as
he was to appear without any notice whatever.   The personal
service of the process of the court brought the judicial
power of the latter to bear upon him.   He had his 'day' to ob-
ject to the process, if he did not deem it sufficient because not
timely, or for any other reason; but he did not avail himself of
that opportunity.   He certainly could not, by ignoring the
command of the writ, deprive the court of authority to deter-
mine as to the sufficiency of its merits.   It was for the court,
not the party, to decide whether or not it was sufficient.   It
held it to be good, and rendered judgment accordingly.   In
contemplation of law, Mr. Bouton was before the court, for he
had been personally summoned to appear there, and might
have done so.   If the call for his appearance was too sudden,
the court's ruling that it was adequate may be error, which
could have been rectified by seasonable and direct moves for
that purpose; but such error could not defeat the court's juris·
diction to render a judgment conclusive upon him, or subject
that judgment to successful attack collaterally.   A broad dis-
tinction is to be drawn between cases where no service on de-
fendant appears, and those in which service is shown, but
where it is in some respect deficient or irregular.   In the lat-
ter cases, jurisdiction attaches, subject to be defeated by ob·
jections to the irregularity, interposed in season in some direct
manner.   In the former class, jurisdiction is not obtained if
the law requires service.   Where the facts touching the ac-
quisition of jurisdiction are fully disclosed, the principles of

law governing liability to collateral attack are applied no less
favorably to judgments of justices of the peace than to the
adjudications of courts having more extensive powers. We
conclude, therefore, that, on principle, the shortness of the
service on Mr. Bouton, furnished no substantial ground in the
present action to deny effectiveness to the judgment in the
condemnation case   *   *   * In this condition of the precedents in Missouri, we have felt at liberty to re examine the subject, and to declare the law as seemed in conformity with correct principles.   In doing so, we find that the position we have
taken has ample support in well-considered cases in other
states bearing upon the precise point of present controversy.
Ballinger v. Tarbell, (1864) 16 Iowa 491; McNeill v. Hallmark,
(1866) 28 Tex. 157; Glover v. Holman, 3 Heisk. 519; Nelson v.
Becker, 14 Kan. 509; Betts v. Baxter, (1880) 58 Miss. 334; Bowman v. Railroad, 102 Ill. 472; Jackson v. State, 104 Ind. 516, 3
N. E. 863."

This question was also very fully considered by the Supreme Court of Vermont in Hammond v. Wilder, 25 Vt. 343, in
which that court,. speaking by REDFIELD, C. J., says: "Two
questions arise in the present case:  (1)  If a writ of attachment, returnable before a justice in a different county from
that in which it is served, be served by attaching property less
than 12 days before the return day, and no appearance is made
by defendant, and judgment is given by default, is the judgment valid?  *  *  *  Is there any such case where the defect
has been held fatal to the proceeding when the defendant does
not appear?  So far from this, it is true that even matters of
error, and which, on writ of error, would be held fatal to the
proceeding, when fully apparent upon the record, do not ren-

19 S. D.—13

der the judgment void. There is no case in which the judg-
ment of a court of record of general jurisdiction has been held
void unless for a defect of jurisdiction. This seems to be con-
ceded in argument, and it is attempted to make this defect
amount to a want of jurisdiction. But this is certainly a new
view of the subject. It is but a defect of service, and not more
important than thousands of other defects. It was never sup-
posed before that, because the proper time was not given to a
defendant to prepare for trial, the whole proceedings were
rendered utterly void. And it is impossible to make this re-
sult from the form of the provisions of the statute. If we ex-
tend such a doctrine to one case, we must to all; and if it ap-
ply to justice courts, it must to the county court and to this
court. And, to be consistent, we shall have to extend it to all
omissions of the statute requisites, either in the writ or serv-
ice, if apparent on the fact of the proceedings. If a writ of
summons is served by reading, the party may disregard it, and
the judgment is void. This would certainly work a very im-
portant change upon this subject, and one of immense conse-
quence in a practical point of view—one which will virtually
overthrow the whole doctrine of the conclusiveness of judg-
ments, and make them to depend altogether upon their entire
regularity in regard to all the preliminary proceedings, so far
as they appear on the face of the papers, which is a very pre-
carious reliance, and which leaves everything in such a state
of uncertainty as to render nothing stable or secure, and virtu-
ally to encourage speculation and litigation." In the case at
bar no question is raised as to the summonses issued by the
justice, and, had they been served on the 5th—the day they
were issued—the judgment would have been perfectly valid,

as the plaintiff herein would then have had his three days' notice. As stated by the court, presumptively the police justice considered the return before him, and erroneously decided that the plaintiff in the actions had had proper notice. To say, therefore, that the judgment is void because the justice made an erroneous decision would, as stated by the Supreme Court of Vermont, virtually overrule the doctrine of the conclusiveness of judgments when defects appear in the record of such judgments, and would, as stated by that learned court, work a very great change in the law applicable to judgments. We are clearly of the opinion that the judgments in this case were not void, but simply erroneous.

This brings us to the last question, namely, was this action in equity to restrain the defendants from executing the said judgments a proper remedy, or was the plaintiff required to make his motion in the justice's court to vacate and set aside the judgments, and, if denied, to appeal to the proper appellate court? In other words, did the defendant in these actions have an adequate remedy at law? If he had such a remedy, then the action by injunction proceedings in a court of equity cannot be sustained, for the rule is well settled that, where a party has an adequate remedy at law, he cannot resort to a court of equity. In Grand Chute v. Wineger, 15 Wall. 373, 21 L. Ed. 174, the Supreme Court of the United States, speaking by Mr. Justice HUNT, says: "It is an elementary principle of equity law that when full and adequate relief can be obtained in a suit at law a suit in equity cannot be maintained." The rule we have stated is so elementary that a further citation of authorities is unnecessary. In the case at bar, so far as the record discloses, there was nothing to prevent the defendant

in these actions from moving to vacate and set aside the judg-ments in the justice's court, and, had this motion been denied, no reason is shown why he could not have appealed to the proper appellate court, and obtained a decision reversing the the judgments of the justice's court. To hold that the plain-tiff in the case at bar could invoke the equity powers of the court, ignoring his rights to make a motion to vacate and set aside the judgments in the justice's court, and his right of ap-peal, in case the motion was denied, to the appellate court, would be establishing a very dangerous doctrine; for, if it was proper in this case, we can see no reason why it would not be proper in all cases where the justice had committed some error which would render his judgments subject to reversal on ap-peal to an appellate court. Even if the judgment had, in fact, been void for the reason that there had been no service what-ever upon the plaintiff in this action, the authorities are not in entire harmony as to the right of the defendant in such a case to proceed in equity to enjoin the proceedings. Mr. High, in his work on Injunctions, in speaking of this subject, in section 228 admits that there is a great conflict in the authorities, though he seems to take the view that the defendant in such a case would have the right to proceed in equity to restrain proceed-ings under such a judgment; but speaking of judgments that are simply erroneous that author, in section 225, says: "It is a well-established rule that the interference of equity will not be granted for the purpose of correcting mere irregularities or informalites in judicial proceedings. And where a judgment is assailed upon the ground of irregularity in the proceedings antecedent to obtaining the judgment an injunction will not be allowed. Thus, in the absence of allegations of fraud, irregu-

larities in the service of process will not constitute ground for an injunction, upon the general principle that equity will not sit as a court of review to revise irregularities in proceedings at law. \* \* \* And it may be laid down as a rule that the powers of equity cannot be invoked to restrain execution upon the ground of irregularity, since it is the province of a court of law to annul its own process or correct any errors in its own proceedings concerning executions. Nor, in the absence of fraud, will errors or irregularities in the action of the court warrant an injunction against a judgment, especially when the party complaining might have availed himself of such errors upon an appeal, if prosecuted in due season. And although no remedy be provided by appeal from the judgment of a justice, its enforcement will not be enjoined because of error in the proceeding."

The learned circuit court was clearly in error, therefore, in rendering a judgment restraining the proceedings upon the judgments in the justice's court, and its judgment and order denying a new trial are reversed, and that court is directed to dismiss the action.