## FANTON v. BYRUM.

An irregularity in the service of summons issued out of a justice's court is waived by a general appearance in the action.

Under the provisions of Justice's Code, § 10, the court has no jurisdiction of an action in which there has been no service of summons, unless there has been both an appearance and a pleading.

The special appearance of the defendant on the return day to ask for a continuance, and his consent in open court that the case be set for trial on a fixed day, constitutes a general appearance.

Where a defendant appears specially on the return day and waives a defect in the service of the summons, he cannot, at a later date set by consent for trial, object to the court's jurisdiction on the ground that his former special appearance was insufficient to give jurisdiction.

In an action by a father for the earnings of his minor son, evidence as to willful or negligent acts of the minor, to show that his services were of no value to the defendant, is incompetent, since proof of such acts would not affect the value of the work and labor actually performed by the minor.

The act of a minor in setting a fire on land not belonging to his employer, by the spreading of which his employer was damaged, done without the direction of the minor's parent, and outside of his employer's work, is a willful tort for which the parent is not liable.

In an action by the father for the earnings of his minor son, defendant cannot under a counterclaim prove alleged negligent acts of the minor by which he claims to have been damaged, unless such acts would be in themselves a cause of action against the father.

A parent is not liable in damages for the torts of his child committed without his knowledge and not in the course of his employment of the child.

(Opinion filed November 2, 1910.)

Appeal from Circuit Court, Sully County. Hon. LYMAN T. BOUCHER, Judge.

Action by Edwin F. Fanton against Charles Byrum. Judgment for the plaintiff, and defendant appeals. Affirmed.

*Matthew W. Murphy* and *A. C. Byrum*, for appellant. *Gaffy & Stephens*, for respondent.

SMITH, J. Appeal from the circuit court of Sully county. Respondent, Edwin F. Fanton, brought an action in justices' court, alleging in his complaint that on the 1st day of April, 1907, he entered into a verbal contract with defendant, appellant here, whereby the plaintiff hired his minor son, John Fanton, to the defendant for a period of eight months at the rate of $27 per month; that said John Fanton worked as a farm hand under said contract for the full period of eight months; and that there is due and remaining unpaid for said services the sum of $99.98. The summons in said action was personally served on the defendant December 26, 1907, and was returnable on the 28th of December, 1907. On the return day of the summons, J. W. Slater appeared as attorney for plaintiff, and James Temmey, appearing specially for defendant, asked a continuance of the trial until January 2d, and by consent of both parties the cause was set down for trial on that date. At the time set, the defendant appeared specially by his attorneys, James Temmey and A. G. Brower, and "filed written objections to the jurisdiction of the justices," and asked that the case be dismissed, for the reason that the case was adjourned without issue being joined and for the further reason that the special appearance of the defendant was not sufficient to give the justices jurisdiction of the defendant. Motion overruled and exception taken. The defendant, Byrum, thereupon filed his answer to the complaint, admitting that "John Fanton worked for defendant for a period after the 1st day of April, 1907, but alleging that he performed his work, labor and services in such a negligent and careless way that his services were of no value to this defendant, but were an injury. Defendant, further answering, denies each and every allegation of the complaint except as above admitted. The answer further alleges by way of counter-

claim that said John Fanton is the minor son of plaintiff, and performed the services for which plaintiff seeks to recover in this action; that on the 5th day of November, 1907, said minor set on fire certain prairie lands, which fire destroyed sheep, hay, and straw belonging to the defendant, to his damage in the sum of $95. For a further counterclaim defendant alleges that said John Fanton, while in the employment of defendant, being in charge of defendant's team on two occasions, negligently and carelessly handled the same, allowing them to run away, causing damage to the team in the sum of $5 which has not been paid. Plaintiff filed a demurrer to each of these counterclaims, on the ground that the answer does not state facts sufficient to constitute a cause of action against the plaintiff as to either of the counterclaims. The justice sustained the demurrer as to the first of the two counterclaims, to which ruling the defendant excepted. Upon the trial the defendant offered to prove by witnesses that the minor son of the plaintiff, while performing services under the contract made between plaintiff and defendant, set on fire prairie land, which fire destroyed property described in defendant's answer to the defendant's damage in the sum of $100, "for the purpose of showing that the services were of no value to the defendant." Plaintiff objected to this evidence for the reason that it was incompetent; the court having sustained the plaintiff's demurrer to that counterclaim. The court sustained this objection, to which defendant excepted. So far as the record discloses, no evidence was offered by defendant under the second counterclaim, and the jury returned a verdict for plaintiff in the sum of $99.98, upon which the justice entered judgment, together with costs, amounting to the sum of $165.03. Defendant thereupon appealed to the circuit court of Sully county upon a statement of the case embodying substantially the foregoing facts, and upon such appeal the circuit court affirmed the judgment of the lower court. Appellant brings the action to this court for review upon the questions raised upon the record, and assigns as error: (1) The overruling of defendant's motion for a dismissal of the action on January 2, 1908; (2) that the justice erred in sustaining the demurrer to the

first counterclaim of defendant; (3) that the court erred in sustaining plaintiff's objection to proof of the facts alleged in the counterclaim, "for the purpose of showing that the services were of no value to the defendant."

The question whether the service of a "short-time" summons in justices' court was sufficient to give the court jurisdiction so far that a judgment founded upon such service was voidable merely and not void was before this court in Kerr v. Murphy, 19 S. D. 184, 102 N. W. 687, 69 L. R. A. 499. It was held in that case that, while; the provisions of the Code as to service are mandatory, such service is voidable only, and that the judgment, while irregular, is not void. The court there quotes with approval the language of Redfield, C. J., in Hammond v. Wilder, 25 Vt. 343. "It is but a defect of service, and not more important than thousands of other defects. It was never supposed before that, because the proper time was not given to a defendant to prepare for trial, the whole proceedings were rendered utterly void." That an irregularity in service of the summons may be waived, and is waived by a general appearance in the action, is settled law. Appellant's contention that under the provisions of Justice's Code, § 10, there must be both an appearance and a pleading to give the court jurisdiction, is correct in a case where there has been no service of a summons; but such is not this case. In this case there was defective service; but the defect was such that it might be waived by the defendant by a general appearance in the action. It cannot be contended that the appearance of defendant by his attorney, on the return day of the summons to ask for a continuance, and his consent in open court that the case be set down for trial on a day certain, which was granted, did not then and there constitute a general appearance and a complete waiver of the defect in the service of the summons. This waiver on the return day left the defendant without right to object to the sufficiency of the service at the later date set down for the trial of the cause, and the trial court committed no error in so holding.

Defendant's third assignment of error is without merit. The evidence offered tending to show willful or negligent acts of the

minor to the damage of the defendant, for the purpose of showing that the services of the minor "were of no value to the defendant," was wholly incompetent. Such acts, if proved, would not affect the value of work and labor actually performed by the minor. But appellant contends that negligent or willful acts of the minor committed in the course of his services as an employee of defendant may be proved upon a counterclaim in an action by the father to recover for services of the minor son, and insists that this question is presented by the assignment of error in sustaining plaintiff's demurrer to defendant's counterclaim.

In determining this question it becomes necessary to consider the specific allegations of the counterclaim demurred to. The act of the minor alleged constitutes merely a willful tort on his part, in the setting of prairie fire on lands not belonging to the employer, but which fire spread over and upon his employer's land and caused the damage. It is not alleged that this act was done under the direction or with knowledge of the parent, nor that it was negligently done in the course of work the minor was performing for his employer. Under the facts as alleged in the counterclaim, the act of the minor was a mere willful tort, committed during the time he was in the employment of defendant, and which happened to injure his employer. The willful act bears no relation whatever to the employment, or the contract to pay for the minor's services, and creates no other or different liability on the part of the father than would have existed had the contract of employment never existed. If the defendant in this action could not maintain an action against the parent for this same act, then defendant cannot plead it by way of counterclaim. Upon this question there is no room for discussion. Section 126, Civ. Code, provides: "Neither parent nor child is answerable as such for the act of the other." In Johnson v. Glidden, 11 S. D. 237, 76 N. W. 933, 74 Am. St. Rep. 795, this court said: "It is a rule of the common law that 'a father is not liable in damages for the torts of his child committed without his knowledge, consent, participation, or sanction, and not in the course of his employment of the child.' "

The judgment of the trial court must be affirmed.