HAYS, Respondent, v. ALWAY et al., Appellants.

(166 N. W. 139.)

(File No. 4251.   Opinion filed December 31, 1917.)

1.  **Process—Summons, Service of—Sheriff's Return, Service at Dwelling House, Presumption of—Personal Knowledge, Hearsay, Distinguished.**

    Where sheriff's return on summons recites service thereof on defendant at a certain time and place, such return, while not absolutely conclusive, furnishes strong presumption that it is true, and it can be impeached only by clear and conclusive proof; but where it recites that he served it on defendant by leaving copy with his mother at her residence, it is but prima facie evidence that such place was defendant's dwelling place; which distinction exists between all matters in a return stated on sheriff's personal knowledge and information derived from others.

2.  **Process—Service of, Not at Defendant's Residence, Sufficiency of Evidence of—Jurisdiction, Effect On.**

    Where defendant, a practicing veterinary surgeon, claimed Hecla as his place of residence and was corroborated therein by various witnesses, while service is claimed to have been made in another township and in a different voting precinct than Hecla where defendant is shown to have last voted, evidence held sufficient to show no legal service; and court acquired no jurisdiction of defendant's person, and the judgment rendered thereon was void.

3.  **Judgments—Action to Set Aside For Void Service—Defense That Judgment Not Inequitable, Futility of—Distinction.**

    Where service of a summons was void because left at a house other than that of defendant's dwelling, the judgment rendered thereon being void, held, in a suit to set aside the judgment, that the defense that the judgment is not complained of as unjust or inequitable, or that no defense to the cause of action sued upon existed, is untenable; such defense being available only where defective or irregular, not void, service, is shown.

4.  **Same—Suit to Set Aside Docketed Judgment and Sale Thereunder—Distinction Re Relief From Default—Remedy.**

    In a suit to set aside a judgment void for want of service at defendant's dwelling, and an execution sale thereunder, period of redemption having expired, held, that the relief in such case is different from that where a party seeks to set aside a default and to be allowed to defend; defendant's only remedy in the former case being an action to have judgment, sale, and subsequent conveyance set aside.

**5.  Same—Suit to Declare Judgment Void—Whether Collateral At-
tack—Canceling Sale Conveyances As Incidental Relief, Ef-
fect.**

A suit to set aside a judgment void for want of service of
summons at defendant's dwelling, is not rendered a collateral
attack because prayer for relief was also for canceling execu-
tion sale conveyance thereunder; such further relief being only
incidental to the other; such suit being a direct attack on the
judgment.

Appeal from Circuit Court, Brown County.  Hon. THOMAS
L. BOUCK, Judge.

Action by Lewis J. Hays, against R. D. Alway and others,
to set aside a judgment and execution sale and conveyances there-
under.  From a judgment for plaintiff, and from an order
denying a new trial, defendants appeal.  Affirmed.

*Geo. H. Fletcher,* and *W. H. Morgan,* for Appellants.

*Campbell & Walton,* for Respondent.

(1) To point one of the opinion, Appellant cited:  Burton
v. Cooley (S. D.), 118 N. W. 1028.

Respondent cited:  Massilon Engine Works vs. Hubbard
(S. D.) 77 N. W. 588.

(3) To point three of the opinion, Appellants cited:  Hal-
vorsen vs. Bennett (N. D.) 132 N. W. 434.

(5) To point five of the opinion, Appellants cited:  Casey
v. Smith (S. D.) 153 N. W. 918.

Respondent cited:  23 Cyc. 1063; Morse v. Pickler (S. D.)
134 N. W. 809; Western Mining Co. v. Woodmas, 12 Colo. 46,
13 Am. St. Rep. 204; Haunswirth v. Sullivan (Mont.) 9 Pac.
798.

POLLEY, J.  On and prior to the 30th day of November,
1910, the respondent in this action was the owner in fee of 80
acres of land in Brown county.  On said date a certain judgment
was entered in a justice court in said county in an action wherein
respondent was the defendant.  Thereafter said judgment was
docketed in the circuit court of said county, execution issued
thereon, and the said 80 acres of land levied upon and sold there-
under.  This sale took place on the 19th day of June, 1911.  The
appellant R. D. Alway was the plaintiff in said action and the
purchaser at the said execution sale.  The other appellants
acquired interest in said land as grantees of the said Alway.  The

amount claimed by defendant Alway against respondent in said action was $65. The amount of the judgment, including interest and costs, was $81. The value of the property sold to satisfy said judgment at the time of the sale was $3,200. Respondent, claiming that the summons in said action was never served upon him, and that the justice court in which said judgment was rendered never acquired jurisdiction of him, brought this action for the purpose of having the said judgment declared null and void for want of jurisdiction and to have the said execution sale and all conveyances made subsequent thereto canceled and set aside. Findings of fact and judgment were for plaintiff, and defendants appeal.

The regularity of the proceedings subsequent to the entry of the said judgment in the justice court are not questioned, so that the first question to be determined on this appeal is whether the summons was in fact ever served upon the defendant in that action.

The only service of the said summons that was ever attempted to be made on the defendant was the leaving of a copy thereof with the defendant's mother at her residence in Liberty township, about four miles from the village of Hecla, in said Brown county. Respondent claims, and the court found as a matter of fact, that the respondent did not live with his mother at the time of such attempted service; that he was not at that time a member of her family, nor she of his; and that the said justice court never acquired jurisdiction of him. And the trial court further found that the sheriff never served upon the said defendant any notice of his attempted levy under the said execution, and never attempted to take possession of the real estate so attempted to be levied upon by him, and that the defendant (respondent herein) never had any knowledge of the said action in the justice court, or of the said attempted execution sale. or knew that any of the defendants in this action were claiming said real estate or any interest therein until in the spring or summer of 1914 and shortly prior to the commencement of this action.

It is contended by appellants that the evidence that the summons was not served is insufficient to overcome the return of the sheriff showing the summons to have been properly served. Appellants recognize the rule that this court will not disturb a

finding of fact made by the trial court unless such finding is contrary to the clear preponderance of the evidence, but contend that such rule does not apply to cases where it is attempted to impeach a sheriff's return of service; that as a matter of public policy such return should be upheld by the court unless it is opposed by clear and satisfactory evidence to the contrary— citing Burton v. Cooley, 22 S. D. 515, 118 N. W. 1028; Matchett v. Liebig, 20 S. D. 169, 105 N. W. 170; Ketchum v. White, 72 Iowa, 193, 33 N. W. 627; Vaule v. Miller, 69 Minn. 440, 72 N. W. 452; Osman v. Wisted, 78 Minn, 295, 80 N. W. 1127. But, conceding the rule to be as claimed by appellants, it would not apply in this case. The sheriff's return does not show that he served the summons upon the defendant personally, but that he served the same upon him by leaving a copy of it at defendant's dwelling house with his mother, and that she was a member of defendant's family. That he left the summons with defendant's mother at the time and at the place he says he did is not disputed. There is no attempt to impeach the sheriff's return so far as it relates to any act on his part. It is only claimed that the sheriff was mistaken in his conclusion that defendant's mother was a member of his family at the time he claims to have made such service, and that the place where he left the summons was defendant's residence.

[1] A distinction is recognized between those matters in a sheriff's return that are stated on his personal knowledge and such matters as are his conclusions only. Where a sheriff returns that he served a summons by handing to and leaving with the defendant a copy of such summons at a certain time and place, while not absolutely conclusive, there is a strong presumption that such return is true, and it can be impeached only by clear and conclusive proof. But where a sheriff in his return recites matters that are merely his conclusions from what some one else tells him, while prima facie evidence of the matters so recited, they are subject to impeachment according to the rules applied to evidence generally. This identical question was under consideration in Great Western Mining Co. v. Mining Co., 12 Colo. 46, 20 Pac. 771, 13 Am. St. Rep. 204. In that case the sheriff's return recited that he served the summons on a corporation by leaving a copy of the summons with the resident agent of such

corporation, when in fact the party with whom such copy was left was only a foreman in the mine. In discussing the question, the Supreme Court of Colorado, in 12 Colo. at page 62, 20 Pac. at page 779, 13 Am. St. Rep. at page 217, in the opinion on rehearing, say:

"There is both reason and authority for holding that there is a wide distinction to be drawn between the recital in the officer's return of matters presumptively within his personal knowledge and the recital of matters, as in this case, not presumptively within such knowledge. The time upon which service was made, the county where made, the manner of service, were all matters presumptively within the personal knowledge of the officer. But the recitals in the various returns that Purmort was 'the foreman of the defendant company,' 'the agent of the defendant company,' the resident agent of the company,' etc., were recitals of matters not presumptively within his knowledge, but of matters about which an officer must determine the facts upon the best information at hand at the time, which information came in this case largely from interested parties. And we are aware of no decision holding that his return as to such finding of fact cannot be contradicted when properly attacked. In the case of Bond v. Wilson, 8 Kan. 231, 12 Am. Rep. 466, the court, in speaking of such return, says: 'We know of no statute that makes a sheriff a final and exclusive judge of where a man's residence is, or what is the age of a minor, or who are the offiers of a corporation, or where their place of business is; and when the statute made it the duty of the sheriff to ascertain these facts, it did not make his return of such facts conclusive. Of his own acts, his knowledge ought to be absolute, and himself officially responsible. Of such facts as are not in his special knowledge, he must act from information, which will often come from interested parties, and his return thereof ought not to be held conclusive.' And to the same effect are the following cases: Chambers v. Bridge Manufactory, 16 Kan. 270; Hanson v. Wolcott, 19 Kan. 207; Mastin v. Gray, 19 Kan. 468, 27 Am. Rep. 149; Walker v. Lutz, 14 Neb. 274 [15 N. W. 352]."

[2, 3] At the time the said summons is alleged to have been served respondent was practicing veterinary surgery, with his office, such as he had, in the village of Hecla. He claimed Hecla

as his place of residence, and in this claim he was corroborated by various witnesses who testified at the trial. The place where the service of summons is claimed to have been made is in Liberty township and in a different voting precinct from Hecla, but the pollbooks that were used at the general election that took place in November, 1910, and only a few days before the attempted service of said summons were introduced in evidence, and from these it appears that respondent voted in Hecla at that election. This shows that respondent at and prior to the time of such attempted service had his residence in Hecla. This being the case, there was no service of the summons. The justice court never acquired jurisdiction of the person of the defendant, and the judgment rendered in that case was an absolute nullity.

It is next contended by appellant that respondent is not entitled to maintain this action, even though the summons in the other action was not served; that it does not appear from his complaint nor from the evidence in the case that the judgment respondent is seeking to have set aside was unjust or inequitable; or that he had any defense to the cause of action sued upon. And in support of such conclusion appellants cite Halverson v. Bennett, 22 N. D. 67, 132 N. W. 434; Kerr v. Murphy, 19 S. D. 184, 102 N. W. 687, 69 L. R. A. 499, 8 Ann. Cas. 1138; Lindberg v. Thomas, 137 Iowa, 48, 114 N. W. 562; Casey v. Smith, 36 S. D. 36, 153 N. W. 918; Schroeder v. Pehling, 20 S. D. 642, 108 N. W. 252, 129 Am. St. Rep. 952; Neligh v. Keene, 16 Neb. 407, 20 N. W. 277. But none of these are cases where no service whatever of the summons had ever been made. In Kerr v. Murphy, supra, the distinction between a case where there has been no service of the summons and one where the service is merely defective or irregular is fully discussed and the authorities reviewed.

[4] This is not a case where a party is seeking to have a default set aside in order that he may be allowed to defend in the action. Not only had the judgment been docketed in the circuit court and respondent's property sold under execution, but the period of redemption had expired long before he knew the action had been commenced. This left him with no other remedy than an action seeking to have the judgment declared

void and the execution sale and subsequent conveyances cancelled and set aside.

[5] There is no merit in appellant's contention that this is a collateral attack on a judgment. The action was brought for the purpose of having the judgment declared void. It is true he asked to have the execution sale and the subsequent conveyances set aside, but this relief was only incidental to the other. So long as the judgment remained intact the conveyances complained of were unassailable. The action constitutes a direct attack on the judgment. Vaule v. Miller, supra; Great Western Mining Co. v. Mining Co., supra; Coffin v. Bell, 22 Nev. 169; 37 Pac. 240, 58 Am. St. Rep. 738; 23 Cyc. 1062; Johnson v. Gregory & Co., 4 Wash. 109, 29 Pac. 831, 31 Am. St. Rep. 907.

The judgment and order appealed from are affirmed.