## BURCHETT v. CASADY *et al.*

1. **Judgment by confession:** STATEMENT. When a sworn statement for a judgment by confession shows that a certain sum is due from the party making the same to the party in whose favor it is made, for which it is consented that judgment shall be entered, such statement is sufficient as between the parties, and the judgment defendant is estopped from impeaching the same on the ground that it does not sufficiently set out the facts out of which the indebtedness arose.

2. —— FORTHWITH. The word "forthwith" in § 3895 of the Revision of 1860, means within a reasonable time.

3. —— VOIDABLE. A judgment by confession not entered within a reasonable time after filing of the statement is only voidable, as between the parties, and not absolutely void; and it cannot be collaterally impeached by a party thereto.

*Appeal from Van Buren District Court.*

WEDNESDAY, APRIL 12.

ACTION IN REPLEVIN. Late in the evening of the 18th of January, 1862, the plaintiff swore to and filed before a justice of the peace of Van Buren county a statement for confession of judgment. The statement, among other things, set out, "that whereas I, the undersigned, B. B. Burchett, am indebted to one William McQuoid in the sum of $95.14 on a certain promissory note executed by me and Isaac Weatherington to one Robert D. Laverton for the same, &c., I hereby confess judgment against myself for the above amount and in favor of the said William McQuoid; and I hereby authorize Joseph Stephens, a justice of the peace in and for Jackson township, to enter judgment against me for the above amount. And as a further statement of indebtedness, I hereby set forth that the same grew out of a certain purchase of a certain black mare from the said Robert D. Laverton, which said note was afterwards assigned or conveyed to the said McQuoid."

The justice of the peace did not enter judgment until the Monday following. Execution was issued on this judgment and placed in the hands of defendant Casady, a constable, and was by him levied on two yoke of oxen. The plaintiff brought this suit in replevin, alleging that the execution was void, for that there was no judgment upon which it could issue.

On the trial, the court found that Casady, at the time the cattle were replevied, was entitled by virtue of the execution to their possession. Thereupon the defendants moved for a judgment *habendo returno*, which was over-ruled, and judgment was entered in favor of plaintiff for possession of the cattle and in favor of the defendants for costs. The defendants appeal.

*Rankin & McCrary* for the appellants.

*L. W. Pettitt* for the appellee.

COLE, J. — I. This is a controversy as to the validity of a judgment by confession, between the parties to the judgment. The test of validity of such judgment between the parties to it is not the same as when the controversy is between a creditor of such judgment debtor and the plaintiff therein. The difference may find an apt illustration in the rules applicable to a fraudulent conveyance, which is held valid as between the parties, but void as to creditors.

1. JUDGMENT BY CONFESSION: statement.

The words, "justly due," are not found in the confession in this case, nor does our statute require their use, but only words to that *effect*. Rev., § 3399. The statement of facts out of which the indebtedness arose, is very concise and specific. It shows the giving of the note, its consideration, its assignment to the plaintiff, and the defendant's indebtedness thereon. It was held by this court, in *Plummer* v. *Douglas & Watson*, 14 Iowa, 69, that, "as between the par-

ties, when the defendant swears that a certain sum is due, and he consents to the rendition of a judgment for that amount, the necessity for such a statement ceases to exist;" and, also, that the defendant is estopped from denying the validity of a judgment which, by his own act, he has induced the plaintiff to obtain. See, also, *Vanfleet* v. *Phillips et al.*, 11 Iowa, 558; *Churchill et al.* v. *Lyon*, 13 Id., 431; *Vannice* v. *Green, Traer & Co.*, 16 Id., 574; *Dezell* v. *Odell*, 3 Hill, 219; *Welland Canal Company* v. *Hathaway*, 8 Wend., 483. The judgment by confession was, therefore, certainly valid between the parties, and authorized the issuance of the execution and the levy thereunder.

II. But it is claimed that, since the statement was filed on Saturday evening, and no judgment rendered until Monday following, the justice had no authority to then render it. This is based upon § 3895 of the Revision, which provides that, "in cases of nonsuit, confession, or on the verdict of a jury, the judgment shall be rendered and entered on the docket forthwith." In this connection, it seems to us that "forthwith" means in a reasonable time. The justice may certainly stop to eat; and if, as in this case, it is late in the evening, he may stop to sleep; and he ought not to do official labor on the Sabbath. *Davis* v. *Simma*, 14 Iowa, 154.

2. ——
"forthwith."

Again, even if there was unreasonable delay, the judgment would not, for that reason, as between the parties, be absolutely void, but only voidable. Such a judgment could not, by a party to it, be assailed collaterally, but must be set aside by writ of error, or other proper and direct proceedings.

3. ——
voidable.

It follows, therefore, that the judgment of the District Court was erroneous, and must be

Reversed.