# Cases Argued and Determined

IN THE

# SUPREME COURT

OF THE

# State of South Dakota.

---

## SIOUX FALLS NAT. BANK v. McKEE.

1. The writ of *certiorari* is not available where the record thus sought to be reviewed may be brought up by appeal. Under section 5507, Comp. Laws, it may only issue where there is no appeal or other adequate remedy.
2. While the judgment of a court having no jurisdiction of the subject-matter is void, a defendant against whom such judgment is entered may appeal the same for the purpose of getting rid of it.

(Syllabus by the Court. Opinion filed Jan. 26, 1892.)

Action by the Sioux Falls National Bank against William McKee to foreclose a chattel mortgage. Judgment for plaintiff. Application by the defendant for a writ of *certiorari* to review the proceedings of the Minnehaha county court. Application denied. No briefs filed.

*Joe Kirby,* for plaintiff.

*E. G. McNeill,* for defendant.

S. D.—1.

KELLAM, P. J. The defendant applies to this court for a writ of *certiorari* requiring the county court of Minnehaha county to certify the record of its proceedings in the above case to this court for review. The action, it is alleged in the petition for the writ, was for the foreclosure of a chattel mortgage. The court below rendered judgment against the defendant, fixing the amount of damages, awarding costs, and further directing a sale of the mortgaged property, the payment from the proceeds of plaintiff's claim, and that a general execution should issue against defendant for any deficiency remaining. The defendant and petitioner makes this application on the theory that the county court of Minnehaha county did not have jurisdiction to hear and determine an action to foreclose a chattel mortgage, or to make the judgment which it assumed to make in this case. We do not think the question can be presented in this way. The writ of *certiorari* is only to be issued "when inferior courts * * * have exceeded their jurisdiction, and there is no writ of error or appeal, nor, in the judgment of the court, any other plain, speedy, and adequate remedy." Section 5507, Comp. Laws. To justify the issuance of the writ, there must not only appear an excess of jurisdiction, but that there is no appeal or other adequate remedy. If the judgment complained of could have been brought to this court by appeal, and the question of jurisdiction determined in such proceeding, that fact alone would prevent the issuance of the writ. Upon this point the statute could hardly be plainer. The evident design of the statute is to make appeal the ordinary method of bringing cases up for review, and *certiorari* an extraordinary method, to be resorted to only when necessary to save rights which would otherwise be lost. In Saunders v. Seed Co., (Utah,) 24 Pac. Rep. 532, under a statute like ours, the writ was denied distinctly on this ground. In the application for this writ no reason is suggested why the judgment in question might not be brought to this court by appeal, unless it be that the same is non-appealable because void for want of jurisdiction in the county court to render it. But this would not follow. If the court had no jurisdiction of the subject-matter, its judgment would, of course, be void, but the defendant would still have the right to appeal to this court to get it out

of the way. People v. Ferris, 36 N. Y. 218; U. S. v. Nourse, 6 Pet. 495; Petty v. Durall, 4 G. Greene, 120; Shoemaker v. Grant Co., 36 Ind. 175; Livermore v. Campbell, 52 Cal. 75; Spaulding v. Railway Co., (Wis.) 15 N. W. Rep. 482. The application for the writ is denied. All the judges concurring.