Isaac O. Sorenson *vs.* Peter P. Swensen.

Submitted on briefs Oct. 6, 1893.   Affirmed Oct. 16, 1893.

No. 8443.

**Entry of Judgment "Forthwith" in Justice's Court.**

Where, in a justice court, a verdict was returned between the hours of noon and 1 o'clock P. M., August 20, 1892, at which time the justice was engaged in hearing other cases, and therefore did not render judgment on such verdict until August 22, 1892,—the intervening day being Sunday, —*held* that the judgment was rendered in due time, under 1878 G. S. ch. 65, § 68, requiring a judgment to be rendered by the justice forthwith upon the return of a verdict, and that the word "forthwith," as used in said statute, means that such judgment shall be rendered by the justice within a reasonable time, having due regard to the circumstances surrounding the case before him.

Appeal by defendant, Peter P. Swensen, from a judgment of the District Court of Hennepin County, *Frederick Hooker*, J., entered May 12, 1893, against him for $105.71 damages and costs.

*C. E. Brame,* for appellant.

The justice lost jurisdiction to enter judgment two days after the jury brought in their verdict. Our statute is like that of New York, Wisconsin, Ohio, Iowa, Nebraska and numerous other states. It requires that on receipt of the verdict by the justice, where a jury trial is had, he shall forthwith render judgment and enter the same in his docket. (1878 G. S. ch. 65, § 68.) *McNamara* v. *Spees,* 25 Wis. 539; *Wearne* v. *Smith,* 32 Wis. 412; *Hull* v. *Mallory,* 56 Wis. 355; *Bissell* v. *Bissell,* 11 Barb. 96; *Hull* v. *Malony,* 10 Iowa, 389; *Watson* v. *Davis,* 19 Wend. 371.

This statute is mandatory and not directory and if the justice could delay the rendition and entry of judgment two days he could delay it to an indefinite period. *Stolt* v. *Chicago, M. & St. P. Ry. Co.,* 49 Minn. 353; *Craighead* v. *Martin,* 25 Minn. 41.

In certain cases, our statute, like that of many other states, limits the justice to so many days in which to enter judgment in his docket after the case has been submitted to him for his decision, and wherever the courts have had occasion to pass on this statute they have

universally held that it is mandatory, and if a justice enters judgment after the time limited by statute, it is a void judgment. *State ex rel.* v. *Whittet,* 61 Wis. 351; *Sibley* v. *Howard,* 3 Denio, 72.

*Merrick & Merrick,* for respondent.

The supreme court of Iowa in *Burchett* v. *Cassady,* 18 Iowa, 342, has construed the word "forthwith" to mean "in a reasonable time," and sustained a judgment entered on Monday where the confession was filed Saturday evening. This seems to us not only the better construction, but more in consonance with sound reasoning and justice. *Wearne* v. *Smith,* 32 Wis. 412; *Hall* v. *Tuttle,* 6 Hill, 38; *Tomlinson* v. *Litze,* 82 Iowa, 32; *McNamara* v. *Spees,* 25 Wis. 539.

BUCK, J. This case comes here upon an appeal from a judgment of the District Court of Hennepin county affirming a judgment of a justice court in said county. The principal question involved, and the only one which we deem it necessary to consider, is whether, upon the return of the verdict in the justice court, the justice forthwith rendered judgment, and entered the same in his docket. To fully understand this legal question raised by the appellant we quote a portion of the return of the justice, which is as follows: "Jury returned a verdict for plaintiff for nineteen and two one-hundredths dollars ($19.02) damages, and cost of suit, between the hours of 12 M. and 1 P. M., August 20, 1892, whereupon judgment was entered in favor of plaintiff, and against the defendant, for nineteen and two one-hundredths dollars ($19.02) damages, and costs, taxed at sixty-seven and sixty-eight one-hundredths dollars, ($67.68;) total, eighty-six and seventy one-hundredths dollars, ($86.70.) Said judgment was not written up till August 22, 1892, as the court was engaged in other cases, and could not write it up sooner. Dated August 22, 1892. Elijah Barton, Justice of the Peace."

The contention of the appellant is that upon the return of the verdict the justice should have rendered his judgment thereon instantly, and entered the same in his docket, and that, not having done so until August 22d, he lost jurisdiction of the case; and to sustain this position he cites 1878 G. S. ch. 65, § 68, which is as follows: "In cases where the plaintiff is nonsuited or withdraws his action or where judgment is confessed and in all cases where a ver-

dict is rendered the justice shall forthwith render judgment and enter the same in his docket."

The 21st day of August, 1892, was Sunday. Of this fact the court will take judicial notice. Under the laws of this state, no one of the courts is allowed to be open on Sunday for the purpose of rendering judgments. The act of the justice in writing up the judgment was performed on the first court day after the return of the verdict. There are several cases decided by the Supreme Court of Wisconsin where it was held, in construing a statute like ours, that upon the return of the verdict the justice must render judgment upon the same instantly. The Supreme Court of Iowa held to the contrary in the case of *Burchett* v. *Casady*, 18 Iowa, 344, where it is decided that the word "forthwith," in such a statute, means within a reasonable time. We think that the ends of justice will be better subserved by a liberal and equitable construction of the law and practice relating to justice courts than by the adoption of a harsh and unbending rule of strict construction. We therefore hold that the word "forthwith," in the section of our statute quoted, means, as there used, that the judgment must be rendered within a reasonable time after the return of the verdict. What constitutes such reasonable time will depend on the circumstances surrounding each particular case. There should be no unreasonable delay. In this case it appears that at the time of the return of the verdict the justice was engaged in hearing other cases, and was thereby prevented from rendering his judgment sooner. That he used reasonable diligence and exertion in the performance of his duty seems unquestionable, and the judgment of the District Court is affirmed.

(Opinion published 56 N. W. Rep. 350.)