### NICK SLUGA *vs.* ROBERT WALKER.

Opinion filed November 22, 1899.

**Justices of the Peace—Loss of Jurisdiction.**

> A justice of the peace, who, after the trial of a case has been concluded, and the parties have rested, adjourns the case indefinitely, by such act of adjournment loses jurisdiction thereafter to render and enter judgment; and a judgment so entered is void, unless jurisdiction has in some manner been restored.

Appeal from District Court, Stutsman County; *Glaspell, J.*

Action by Nick Sluga against Robert Walker. Judgment for plaintiff, and defendant appeals.

Reversed.

*Ormsby McHarg,* for appellant.

*S. E. Ellsworth,* for respondent.

YOUNG, J. Only one of the errors assigned in counsel's brief need be considered by us. This case was tried in one of the Justice Courts of Stutsman county on December 14, 1898, and without a jury. At the close of the trial, and after both parties had rested, the justice, on his own motion, adjourned all further proceedings in the case to an indefinite time, as is shown by the following docket entries: "The court delays entering judgment until a memorandum of deposition costs can be secured from Mandan, N. Dak." Then comes the following entry: "December 16, 1898. Memo. above mentioned received this day, and filed herein; and judgment is entered in favor of plaintiff and against the defendant," etc. The judgment then set out the amount of recovery and costs allowed, by items, all in proper form. The defendant appealed from the judgment so entered, upon questions of law alone, and included among the errors complained of, and specified in his notice of appeal, the specification that the justice lost jurisdiction to enter any judgment in the case, by failing to enter it at the close of the trial. The District Court ruled against the defendant, and affirmed the judgment of the Justice Court. Defendant appeals from the judgment of the District Court, and presents for review the same alleged errors of law as were before that court.

The legal duty which rests upon a justice of the peace upon the return of a verdict, or when a case is submitted to him for decision without the intervention of a jury, is declared in sections 6707, 6708, Rev. Codes, which read as follows:

"Sec. 6707. When a trial by jury has been had judgment must be entered by the justice at once in conformity with the verdict.

"Sec. 6708. When the trial is by the court, judgment must be entered at the close of the trial."

In the case at bar the trial was had on December 14th, and the judgment was entered on December 16th. Counsel for appellant contends that under the section last quoted the justice was without

jurisdiction to enter judgment at that time, in that the judgment was not entered at the close of the trial. Section 6707, supra, which is the same as section 6104, Comp. Laws, was before this court in *re Dance,* 2 N. D. 184, 49 N. W. Rep. 733, and was held to be mandatory, and, further, that a justice who failed to follow the express mandate of said section in entering judgment acted without jurisdiction. This is in accord with the almost unanimous voice of the courts. The cases differ to some extent, however, as to what amounts to a compliance with a statute which requires the entry of judgment at once, or forthwith, or immediately upon the return of a verdict. Wisconsin holds to a literal construction. Her statute requires the justice to render and enter judgment "forthwith" upon the receipt of the verdict. In *Hull* v. *Mallory,* 56 Wis. 355, 14 N. W. Rep. 374, that court said: "The word 'forthwith,' in this statute, has been construed, in the most emphatic manner, to mean instanter, by this court, in several cases, and it is no longer an open question." The Iowa statute also requires the judgment on a verdict to be entered "forthwith." The Supreme Court of that state, in *Knox* v. *Nicoli,* 66 N. W. Rep. 876, held that: "The provisions of the statute that the judgment shall be entered 'forthwith' must be reasonably construed. A judgment upon a verdict entered at 9 o'clock at night may properly be entered the next morning." We think the construction of the Iowa court more nearly represents the purpose the legislature had in view in framing the statute in question, than the literal interpretation of the Wisconsin court. This, also, is the view of the Supreme Court of Minnesota. That court, in *Sorenson* v. *Swenson,* 56 N. W. Rep. 350, said: "The word 'forthwith,' in such statute, means within a reasonable time. We think the ends of justice will be better subserved by a liberal and equitable construction of the law and practice relating to Justice Courts, than by the adoption of a harsh and unbending rule of strict construction. We therefore hold that the word 'forthwith,' in the sections of our statutes quoted, means, as there used, that the judgment must be rendered within a reasonable time after the return of the verdict. What constitutes such reasonable time will depend upon the circumstances surrounding each particular case. There should be no unreasonable delay." This interpretation is supported by the weight of authority. *Burchett* v. *Casady,* 18 Iowa, 344; *Davis* v. *Simma,* 14 Iowa, 154. To the same effect is the case of *Huff* v. *Babbott* (Neb.) 15 N. W. Rep. 230. It will be noted, moreover, that section 6708 merely provides that judgment shall be entered at the close of the trial, and omits the words "at once," found in the section preceding, relating to the entry of judgment upon verdicts. This omission, however, in our opinion, makes the section no less mandatory in its requirement that the justice shall enter judgment at the close of the trial; but the omission of the words "at once" to a certain extent removes the inference that, in point of time, it must be entered immediately. In view of the fact that it may be absolutely necessary for the justice

to deliberate after the case is submitted to him, a requirement that he should enter judgment immediately would doubtless in some instances work injustice, and in others require an impossible act. As was said in *Huff* v. *Babbott* (Neb.) 15 N. W. Rep. 230: "The justice may require time to consider the evidence before rendering a judgment, and it may be necessary for him to do so before he is prepared to decide. If a decision is rendered before the justice has time to consider the evidence, there is great danger of his committing an error which more mature reflection would have enabled him to avoid." The most liberal construction of any of the courts requires, however, that the judgment shall be rendered and entered within a reasonable time, and without unnecessary delay. No uniform rule can be laid down as to what will be considered a reasonable time. Each case wherein a delay in entering judgment has occurred must be determined upon its own facts. Whether the delay in this case from the 14th to the 16th of December was reasonable and necessary, we do not determine, for the reason that we are agreed that the act of the justice in adjourning the case to an indefinite time operated to destroy his further jurisdiction, and that his subsequent acts were accordingly without authority. So far as we can learn, no judgment rendered and entered by a justice of the peace, at a time and place of his own choosing, after an indefinite adjournment, and without notice to the parties, has ever been upheld, where the question has been directly presented, and for very good reasons; for such an adjournment deprives the parties of substantial rights, and renders it legally impossible for them to be present and protect their interests. It is the right of the prevailing party to see that the judgment rendered in his favor is entered in legal form, and that such costs and disbursements as are legally taxable are embodied in the judgment. The defeated party has an undoubted right, also, to resist the allowance of such costs as he shall deem unlawful. He also has the right to know the fact that a judgment has been entered against him, and its amount, to the end that he may comply with it without further expense, or apply for a stay of execution, or appeal, if he shall choose to do so. The vice of an indefinite adjournment is that it utterly deprives the parties of these rights. On this point, in *Clark* v. *Read*, 5 N. J. Law, 571, Kirkpatrick, C. J., said: "I hold it to be clear that a justice cannot closet himself up, or, perhaps I might rather say, go about his usual business, and then give judgment when and where he pleases, in the absence of the parties, and especially at such a distant day. He must, like other judges, give judgment in open court, when the parties are present, or had an opportunity of being present." In *Harrison* v. *Chipp*, 25 Ill. 471, the court, in passing upon a case where a justice had taken a case under advisement for an indefinite time, said: "The law designs that the parties shall have the right to be present when every step is taken, and the officer has no power to deprive either party of that right. In this case the justice of the peace, by the

indefinite postponement of the cause, lost all jurisdiction over the parties, and was unauthorized to proceed to render the judgment. It, being unauthorized, was not binding on the parties, and was void." Later, 'the same court, in *Hall* v. *Reber,* 36 Ill. 483, in referring to the case from which we have just quoted, stated that: "The court did not design to decide anything, further than that a justice of the peace cannot take a case under advisement indefinitely. He can, unquestionably, like any other court, after the evidence and arguments are closed, adjourn the case for some fixed and reasonable time, to enable him to reflect upon the evidence or examine the law. It is merely necessary that an adjournment should be for a definite time, and should be announced in open court, that the parties may be present at the decision, in order to take such steps for the protection of their interests as they deem proper." So, too, in Wisconsin it is held that, unless the time and place to which the adjournment of a case is made are entered in the docket at the time of adjournment, the justice loses jurisdiction. *Roberts* v. *Warren,* 3 Wis. 736; *Brown* v. *Kellogg,* 17 Wis. 475; *Crandall* v. *Bacon,* 20 Wis. 639; *Grace* v. *Mitchell,* 31 Wis. 533; *Brahmstead* v. *Ward,* 44 Wis. 591. See, also, *In re Dance,* 2 N. D. 184, 49 N. W. Rep. 733. The case of *Heinlen* v. *Phillips* (Cal.) 26 Pac. Rep. 366, in construing a statute which is almost identical in language with section 6708, Rev. Codes, held that the requirement to render and enter judgment at the close of the trial is merely directory, and that a judgment rendered by a justice of the peace six weeks after the trial was valid. This case is not only wrong in principle, but is contrary to the weight of authority, as we have seen. It is entirely based upon a previous case (*McQuillan* v. *Donahue,* 49 Cal. 157), which case construed a statute requiring district judges, before whom fact issues were tried, to make and file their decisions within a limited time, and held that such statute was directory, merely. The vast difference which exists between District and Justice Courts (the former being courts of general jurisdiction, and the latter limited jurisdiction) leads us to question the soundness of the conclusion that the similar requirement as to justices of the peace is also directory, or that the legislature intended that a justice of the peace might take his own time to decide a case submitted to him, and render and enter his judgment when and where he pleased. On the contrary, it would seem that sections 6707 and 6708 were intended to make such abuses impossible, by requiring the justice to render and enter his judgments at times when the parties were, or could be, present.

In the case at bar, we hold that 'the justice, by indefinitely adjourning the case, lost jurisdiction thereof, and that the judgment which was thereafter entered some time on December 16, 1896, was rendered and entered without authority, and is void. The District Court is therefore directed to enter a judgment reversing its judgment and dismissing the action.

Reversed. All concur.