WILLIAM G. SCHAFER v. THE DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT WITHIN AND FOR NELSON COUNTY, NORTH DAKOTA, Charles F. Templeton, as Judge of Said District, and R. J. Roberts, as Clerk of Said District Court.

(131 N. W. 240.)

**Certiorari — When Lies.**

1. Certiorari does not lie when there is an appeal, nor, in the judgment of the court, any other plain, speedy, and adequate remedy.

**Appeal and Error — Supreme Court — Stay of Execution.**

2. After this court has acquired jurisdiction of a cause by appeal, it has inherent power, on proper application, to enter any appropriate order therein, including the power to vacate a stay of execution pending the determination of such appeal ordered by the trial court upon an inappropriate or insufficient undertaking, unless appellant furnishes the necessary undertaking to secure the stay of execution granted.

Opinion filed May 11, 1911.

Petition of William G. Schafer for writ of certiorari to the District Court of Nelson County, First Judicial District; *Charles F. Templeton,* Judge, and R. J. Roberts, Clerk.

Motion to quash writ granted.

*Hiram A. Libby,* for motion.

*Fuch & Kelly,* opposed.

SPALDING, J. On the 6th day of April, 1911, on the affidavit of George D. Kelly, attorney for the plaintiff, in an action entitled, "Wil-

---

Note.—Exceptions to the rule that certiorari will not lie where there is an appeal, see note in 50 L.R.A. 787.

When writ of certiorari issues, see note in 12 Am. Dec. 531.

liam G. Schafer, Plaintiff, v. Pontus Olson and Clinton D. Lord, Defendants," this court issued its writ commanding the judge and clerk of the district court of Nelson county to certify and send to this court a transcript of the record and proceedings touching the granting of a stay of execution therein, that the same might be reviewed by this court. On the 17th day of April the parties appeared and the defendants submitted a motion to quash the writ, on the ground that certiorari is not the proper remedy, but that an appeal lies from the order of the district court fixing the amount of the undertaking on appeal and its approval of the latter. Return was also made as commanded by the writ.

1. Certiorari does not lie when there is an appeal, nor, in the judgment of the court, any other plain, speedy, and adequate remedy. Rev. Codes, 1905, § 7810; St. Paul, M. & M. R. Co. v. Blakemore, 17 N. D. 67, 114 N. W. 730.

2. It is unnecessary to determine whether an appeal lies from an order of the district court fixing the amount of an undertaking on appeal and staying execution pending the determination of the appeal. We are inclined to think, on the authority of St. Paul, M. & M. R. Co. v. Blakemore, supra, that it is appealable. We are, however, convinced that the applicant has another and speedier remedy, one far more speedy than the remedy by appeal, even if the order is appealable. The court in this case gave personal judgment against the defendant Olson in favor of the plaintiff for a definite amount, and then adjudged that the plaintiff had a vendor's lien on certain described real estate as security therefor, and directed the sale thereof and the execution and delivery of a certificate of sale, and deed if not redeemed in one year, the decree being practically in the form frequently used in actions to foreclose mortgages. The court fixed the amount and terms of the undertaking on the appeal in accordance with the terms of §§ 7212 and 7215, Rev. Codes 1905, in the sum of $1,000, while the applicant claims that it should have been fixed according to the requirements of § 7209, Rev. Codes 1905, applicable to money judgments, and that the trial court erred in so fixing the amount of the undertaking and in staying execution on the judgment. The necessary undertaking for costs on appeal was furnished, and the case is in this court. Being here, this court has the power, on proper application, to enter any appropriate order. This power is inherent in the court. It follows

that if the undertaking furnished and approved was insufficient in law to stay execution of any part of the judgment, the applicant has a remedy, through an application to this court, to vacate so much of the stay granted by the trial court as was not justified, unless the appellant. furnishes the undertaking necessary to support a complete stay of execution. Elliott, Appellate Procedure, §§ 366, 367, 399, and 400; American Brewing Co. v. Talbot, 135 Mo. 170, 36 S. W. 657; Hill v. Finnigan, 54 Cal. 493; Edgerton v. West, 38 Fla. 338, 21 So. 278; Tulleys v. Keller, 42 Neb. 789, 60 N. W. 1015, 2 Cyc. Law & Proc. pp. 904–907. This right disposes of his application for the writ of certiorari and the motion to quash the same.

The motion to quash is granted. All concur.