## HALVERSON v. BENNETT et al.

(132 N. W. 434.)

**Justice's judgment — relief from — meritorious defense.**

Equitable relief will not be granted against a justice's judgment, regular on its face, although void for failure to enter the same at the close of the trial, without some showing in the complaint and proofs of the existence of a meritorious defense against the cause of action forming the basis of the judgment.

Opinion filed September 7, 1911.

Appealed from District Court, La Moure county; *E. B. Goss,* Special Judge.

Action by Ebert Halverson against E. A. Bennett and E. G. Houston to set aside an alleged void justice's judgment. Judgment for defendants, and plaintiff appeals.

Affirmed.

*M. C. Lasell,* for appellant.

*Davis & Warren,* for respondents.

Fisk, J.   Action in equity to set aside a justice's court judgment upon the ground that such justice lost jurisdiction to render any judgment; he having failed to enter same in his docket at the close of the trial.   His jurisdiction, both of the subject-matter and of the person of the defendant, down to the close of the trial, is not questioned; nor is the fact questioned that at the conclusion of the trial the justice orally announced his decision.   The lower court denied the relief prayed for, and the case is here for trial *de novo*.

We have no difficulty in arriving at the conclusion reached by the trial court, but we arrive at such conclusion on an entirely different ground.   We deem it unnecessary to a proper disposition of this appeal to notice the various contentions of counsel, or to consider the correctness of the findings or conclusions of the court below, for it is apparent that appellant has no standing in a court of equity, under either his pleading or proof.   Neither the complaint nor the proof contains a word or syllable tending to show that such judgment is unjust or inequitable in any respect, or that plaintiff pretends to have any defense to the cause of action sued on.   The judgment is regular on its face, and presumably plaintiff (defendant in the action in justice's court) had a full and fair hearing.

Under these facts, it is well settled that courts of equity will not interfere with such judgments, even though void.   A mere statement of the rule ought to suffice to satisfy anyone that it is founded on reason and common sense, and should, at least, be applied to cases like the one at bar.   Such rule is well stated by the supreme court of California, in Burbridge v. Rauer, 146 Cal. 21, 79 Pac. 526, as follows: "It would be inequitable to set aside the judgment without an affirmative showing in the complaint that there was a good defense to the justice court judgment."   The same court, in Harnish v. Bramer, 71 Cal. 155, 11 Pac. 888, said: "Equity will not overturn a judgment valid on its face, unless it is an unjust judgment.   It must be against conscience, and it must appear that a like judgment would not follow in the same action or upon the same cause of action."   This rule is supported by ample authority.   Among the numerous authorities, we cite:  True v. Mendenhall, 67 Kan. 497, 73 Pac. 67; Strowbridge v. Miller, 4 Neb. (Unof.) 449, 94 N. W. 825; Foust v. Warren, — Tex. Civ. App. —, 72 S. W. 404; Tootle v. Ellis, 63 Kan. 422, 88 Am. St. Rep. 246, 65

Pac. 675; Knox County v. Harshman, 133 U. S. 152, 33 L. ed. 586, 10 Sup. Ct. Rep. 257, 16 Am. & Eng. Enc. Law, 386, 387, and cases cited.

A few courts have held that where the judgment is void on its face, no such showing is required as a condition to equitable relief. While the courts differ on this question, we find no case wherein the court has refused to apply the above rule to a state of facts such as are presented in this record.

Applying such rule to the case at bar necessarily leads to an affirmance of the judgment. It is so ordered.

Goss, J., having presided at the trial in the lower court, took no part in the above decision.

Spalding, Ch. J. I concur in affirming the judgment of the trial court, but prefer to do so upon the ground argued in respondent's brief, that the party aggrieved by a judgment cannot resort to a court of equity for relief when he has an adequate remedy at law. The defendant had a remedy by motion to vacate the judgment, of which he did not avail himself. See Kitzman v. Minnesota Thresher Mfg. Co. 10 N. D. 26, 84 N. W. 585; Freeman v. Wood, 11 N. D. 1, 88 N. W. 721; Kerr v. Murphy, 19 S. D. 184, 69 L.R.A. 499, 102 N. W. 687, 8 Ann. Cas. 1138; Freeman, Judgm. § 486.