## STATE EX REL. NOGGLE v. CRAWFORD, Judge.

(138 N. W. 2.)

**Certiorari — remedy — jurisdiction — irregularities.**

1. The supreme court will not review by certiorari an order of the district

Note.—On the question of appeal as precluding remedy by certiorari, see note in 103 Am. St. Rep. 111. And for the exceptions to the rule that certiorari will not lie where there is an appeal, see note in 50 L.R.A. 787.

court permitting claimants of a fund which had been deposited with the clerk of court by a garnishee to intervene for the purpose of asserting rights therein. In making such order the court did not exceed its jurisdiction, and at most the order is erroneous merely, and may be corrected by appeal.

Certiorari — jurisdiction — aggrieved party has adequate remedy by appeal.
    2. Certiorari will not lie to review alleged errors not going to the jurisdiction of the inferior court; nor will it lie where, as in this case, the party aggrieved has an adequate remedy by appeal.

Opinion filed October 17, 1912.

Certiorari to review an order of the District Court for Stark County permitting claimants of a certain fund paid into court by a garnishee to intervene for the purpose of asserting rights therein.

Writ quashed.

*Heffron & Baird,* of Dickinson, for relator.

*Thos. H. Pugh,* of Dickinson, for respondent.

FISK, J. On the application of petitioner, supported by affidavit, this court issued a writ of certiorari on July 24th last, to review an order of the district court of Stark county, which order in effect permitted certain parties claiming an interest in funds which had been paid into court by a garnishee in certain garnishment proceedings pending in said court, to intervene for the purpose of asserting their claim to such fund. Such order also directed the plaintiff in the garnishment action to restore said funds which had theretofore been paid to him under the directions of the court, to the custody of the clerk, there to abide the result and determination of the issues raised by the intervenors.

Respondent has made due return to the writ, setting forth the following facts:

"1. That on the 21st day of December, A. D. 1912, in an action pending in the said district court of Stark county, wherein the above named petitioner was plaintiff and George W. McClellan was defendant, a final judgment was rendered and entered in favor of the plaintiff and against the defendant for the sum of $673.03, and the costs of suit of $35, mak-

Note.—The authorities on the exclusiveness of jurisdiction of court of last resort to issue remedial writs for prerogative purposes are reviewed in a note in 13 L.R.A. (N.S.) 768. And for certiorari in exercise of superintending control over inferior courts, see note in 51 L.R.A. 33.

ing a total judgment of $703.03, a true transcript of which is hereunto attached and marked 'Exhibit 1.'

"2. That in said above-entitled cause one T. F. Powers & Company, had been summoned as a garnishee of the above-named defendant, George W. McClellan, and on the 9th day of November, A. D. 1911, made answer thereto, which answer was filed in said cause with the clerk of said court on the 20th day of April, A. D. 1912, as appears by and from the files of the clerk of said court, a true transcript of which is hereto attached and is marked 'Exhibit 2.'

"3. That thereafter on or about the 17th day of May, A. D. 1912, said garnishee, T. F. Powers & Company, brought into said court and deposited with the clerk thereof, under a written deposit, the sum of $85.95 as appears from the files of the clerk of said court, a transcript of which written deposit is hereto attached and marked 'Exhibit 3.'

"4. That thereafter and on the 20th day of May, A. D. 1912, upon application of the plaintiff made *ex parte,* I made order herein directing the clerk of said court to pay to said plaintiff any and all sums of money which had been or thereafter might be deposited with him in said action, a true transcript of said order is hereto attached and marked 'Exhibit 4.'

"5. That thereafter and on the 3d day of June, A. D. 1912, the affidavit of Gus Anderson, one of the members of the firm of Anderson & Himmelspach, a copartnership, wherein, for said copartnership he claimed an interest in said money so deposited as aforesaid, and for the first time called the attention of the court to the answer and disclosure of garnishee, T. F. Powers & Company, and the terms thereof was presented to me, a true transcript of which is hereunto attached and marked 'Exhibit 5.' That upon said affidavit, and on motion of Anderson & Himmelspach that said Anderson & Himmelspach be interpleaded and that said money be returned to the deposit until the disposition of the issues which were by the answer of the garnishee and which should be by the interpleader of the said Anderson & Himmelspach raised, I issued an order to show cause why said Anderson & Himmelspach should not be interpleaded and said money be returned to the deposit, a true transcript of which said order to show cause is hereunto attached and is marked 'Exhibit 6.'

"6. That the hearing on said order to show cause came on to be heard before me at my chambers at Dickinson, North Dakota, July 8, 1912.

Thos. H. Pugh appeared as attorney for the motion and Heffron & Baird, attorneys for the plaintiff, appeared in opposition thereto.

"After hearing said motion, which was based on the exhibits hereinbefore referred to, I thereupon, to wit, on the 10th day of July, A. D. 1912, made an order herein permitting the said Anderson & Himmelspach, as claimants to the money aforesaid, to be interpleaded in the said garnishment proceedings, and that said money be returned to said deposit there to await determination of the matter, to the end that the equitable rights of the several parties claiming interest in said money might be adjudicated, a true copy of said order is hereto attached and is marked 'Exhibit 7.' "

From the return, as well as from the order which it is sought to have reviewed, it appears that the learned district judge deemed the order theretofore made by him directing the clerk to pay to plaintiff the funds thus deposited, as improvidently made under misapprehension as to the facts, but however this may be, we are agreed that petitioner is not entitled to the remedy by certiorari to review the order complained of for at least two obvious reasons: First, certiorari will not lie to review alleged errors not going to the jurisdiction of the inferior court. Under the plain language of § 7810, Revised Codes 1905, a writ of certiorari may be granted only in cases where such inferior courts, officers, boards, or tribunals have exceeded their jurisdiction. It cannot be correctly said that the court exceeded its jurisdiction in making the order. At most, such order was merely erroneous. The case of State ex rel. Enderlin State Bank v. Rose, 4 N. D. 319, 26 L.R.A. 593, 58 N. W. 514, which has been called to our attention, is not in point. The order there was not made in any pending action or proceeding, and, as the court held, was clearly void as being in excess of jurisdiction. Not so in the case at bar.

By what we have above stated we do not mean to intimate that such order was even erroneous. That question is not before us, and cannot properly be here considered.

The second reason why petitioner cannot invoke this remedy is that the order sought to be here reviewed is appealable. That such order is appealable under the provisions of § 7225, Revised Codes 1905, as construed by this court, is, we think, beyond question. Bolton v. Donavan, 9 N. D. 575, 84 N. W. 357; Northern P. R. Co. v. Barlow, 20

N. D. 197, 126 N. W. 233, Ann. Cas. 1912 C, 763; and authorities cited.

See also cases cited in note to Olson v. Mattison, 16 N. D. 231.

For the above reasons the writ must be, and the same is hereby quashed.