## JULIUS BATZER v. J. A. HALLIDAY.

(153 N. W. 994.)

Justice's court judgment — suit in equity — to have declared void — jurisdiction — equity of judgment — day of trial — failure to enter.

   1. Plaintiff and appellant, by this action in equity, seeks to have a justice's

judgment declared void for the alleged reason that the justice lost jurisdiction through a failure to enter such judgment on the day of the trial. On defendant's motion, judgment on the pleadings was entered dismissing the action. *Held*, proper, for reasons stated in the opinion.

**Notice of motion — object of stated — on pleadings and all papers filed — dismissal of action — complaint — cause of action.**

2. Defendant's notice of motion stated that he would move for a dismissal of the "complaint" and "that judgment of dismissal of the action be entered accordingly, with costs," etc. Such notice also contained a recital "that the said motion will be made on the pleadings and all papers and instruments filed in the above-entitled action."

*Held*, that such notice sufficiently apprised plaintiff of the fact that defendant would ask for a dismissal of the action upon the ground that the complaint did not state a cause of action.

**Pleading — meritorious defense — proof of — void judgment.**

3. Following Halverson v. Bennett, 22 N. D. 67, 132 N. W. 434, *held*, that equity will not grant the relief prayed for without an allegation in the complaint, supported by proof, of the existence of a meritorious defense to the action in which such alleged void judgment was entered, and no such defense is alleged.

Opinion filed July 2, 1915.

Appeal from District Court, Renville County; *Leighton, J.*

From a judgment in defendant's favor, plaintiff appeals.

Affirmed.

*Grace & Bryans,* for appellant.

The judgment entered by the justice is void, by reason of the failure of the justice to enter judgment at the close of the trial, and for the further reason that the justice, by adjourning, lost jurisdiction. Sluga v. Walker, 9 N. D. 108, 81 N. W. 283; Power v. Larabee, 2 N. D. 148, 49 N. W. 724; 24 Cyc. 598; 17 Cyc. 1570.

Action in equity is the proper remedy by which to obtain relief from a void judgment. Rev. Codes 1905, § 7114, Comp. Laws 1913, § 7728; Halverson v. Bennett, 22 N. D. 67, 132 N. W. 434.

The notice of motion must set forth the specific grounds upon which the motion will be made. 28 Cyc. 6, Under Statement 3.

*Swenson & Rodsater,* for respondent.

Grounds of motion for judgment on the pleadings are sufficiently stated when reference is made to the pleadings, papers, files, and records

of the action, and upon the ground that the answer on file constitutes no defense to the cause of action set out in the complaint. Hanna v. Curtis, 1 Barb. Ch. 263.

The rule requiring a notice of motion to specify the particular grounds or points upon which it is made does not apply in cases where the opposing party has no right to amend, or explain matters of which complaint is made, by affidavit, or otherwise. 31 Cyc. 608.

At the time of the commencement of this action in equity, plaintiff had a plain, speedy, and adequate remedy at law. 23 Cyc. 992.

It is well settled that equity will not interfere with a judgment where the party seeking relief had an adequate remedy at law, and lost the same through his own negligence and neglect. Agard v. Valencia, 39 Cal. 292; Richardson v. Eureka, 110 Cal. 441, 42 Pac. 965.

The plaintiff shows no meritorious defense against the action forming the basis of the judgment which he seeks to have set aside. Such a showing is necessary. Halverson v. Bennett, 22 N. D. 67, 132 N. W. 434.

There is no showing that the judgment of the justice was unjust, or that a like judgment would not follow in the same action; nor is there anything to show why a like judgment should not follow. Harnish v. Bramer, 71 Cal. 155, 11 Pac. 888.

The judgment in the justice court action was not, and is not, void. Markley v. Rand, 12 Cal. 275; Sluga v. Walker, 9 N. D. 108, 81 N. W. 282; Ryals v. McArthur, 92 Ga. 378, 17 S. E. 350; 24 Cyc. 602.

While the jurisdiction of equity to grant relief against justice's judgments is fully recognized, it is strictly exercised, and the right to relief must be clearly shown. 24 Cyc. 600, 605, 608; 23 Cyc. 1005; State ex rel. Heffron v. Bleth, 21 N. D. 27, 127 N. W. 1043.

FISK, Ch. J. This is an action in equity brought in the district court of Renville county to set aside and have adjudged to be null and void a certain justice court judgment in an action wherein the defendant was plaintiff and plaintiff's brother, Herman Batzer, was defendant, Fred Dietz and F. H. Stoltz were garnishees, and this plaintiff, intervener. Defendant moved for judgment on the pleadings, which motion was granted and judgment entered dismissing the action, and this appeal is from the judgment thus entered.

The complaint is as follows:

"I. That in an action heretofore tried in the justice court before W. D. Keenen, justice of the peace, on the 28th day of August, A. D. 1913, wherein J. A. Halliday was plaintiff, and Herman Batzer defendant, and Fred Dietz and F. H. Stoltz, garnishees, and this plaintiff intervener, a judgment was entered against the defendant, Herman Batzer, on the 29th day of August, A. D. 1913.

"II. That said action above referred to was tried on the 28th day of August, A. D. 1913, and judgment should have been entered on said day, but that the said justice of the peace did not enter judgment until the 29th day of August, A. D. 1913; that he had lost jurisdiction to enter judgment in said action by his failure to adjourn at the close of the trial to a definite time, or by his failure to make any adjournment.

"III. That on the 29th day of August, A. D. 1913, date of entering judgment against Herman Batzer, the defendant in the action heretofore mentioned, the said justice of the peace and the plaintiff, J. Halliday did not enter any judgment against this plaintiff as intervener in said action, or against F. H. Stoltz and Fred Dietz, the garnishees therein, but that thereafter on the 4th day of October, A. D. 1913, the said plaintiff or his attorneys caused or required said justice of the peace to enter judgment against the said garnishees, and against the defendant, Herman Batzer, and this intervener, which judgment should have been entered on the 28th day of August, A. D. 1913; that a copy of said judgment is hereto attached, and marked Exhibit "A" and made a part of this complaint.

"IV. That this plaintiff, being the intervener in said action tried in the justice court as mentioned in ¶ 1 of the complaint, had the right to appeal from said judgment entered by said justice of the peace wherein it was found against the defendant, Herman Batzer, and against this plaintiff as intervener, and would have appealed therefrom had the judgment been entered in said action against this plaintiff on the 28th day of August, A. D. 1913, but that the plaintiff lost his right of appeal by reason of the failure of the said plaintiff's attorneys and the justice of the peace to enter any judgment therein until the 4th day of October, A. D. 1913, more than thirty days having elapsed since the date of trial of said action and the date of which the judgment should have been entered, thereby barring the plaintiff's right of appeal; that the judg-

ment entered against the defendant, Herman Batzer, and against the garnishees therein, and this plaintiff, is wholly void and of no effect, said judgment not being in proper form, nor does it appear on the docket of the justice that any judgment was ever entered against the defendant in said action, Herman Batzer, and for a further reason that said judgments were entered more than thirty days after the trial of said action; that said justice of the peace thereby lost jurisdiction to enter any judgment therein, and entered the same without notice to this plaintiff, or to his attorneys, and at the request of the plaintiff, J. A. Halliday, judgment was entered on or about the 4th day of October, A. D. 1913.

"V. That thereafter and on the 22d day of September, A. D. 1913, an execution was issued upon the judgment which was entered against the defendant, Herman Batzer, and after the issuing of such execution, and on the 4th day of October, A. D. 1913, after the plaintiff's attorneys ascertained that said judgment was of no effect, they caused to be entered judgment, which is hereto attached, which judgment is wholly void and of no effect; that said execution was delivered to the sheriff of Renville county, and on the 7th day of October, A. D. 1913, he levied upon the property of this plaintiff under and by virtue of said execution; that the property so levied upon by the sheriff was the property of this plaintiff, and immediately after the same was levied upon this plaintiff filed with the sheriff, according to the statutes, a third-party claim setting forth his ownership to said property; that the sheriff did refuse to release or give said property to this plaintiff, and still holds the same under and by virtue of said levy made by him under and by virtue of said execution issued on the void judgment above mentioned and hereto attached.

"VI. That there is no other judgment against the defendant, Herman Batzer, or the garnishees, or this intervener, in said justice action, nor does any appear upon his docket than the judgment hereto attached.

"VII. That the money now in the hands of the sheriff is the property of this plaintiff, a third-party claim having been filed by him with the sheriff, claiming said property, which affidavit of third-party claim is hereby referred to and made a part of this complaint; that this plaintiff has no other adequate remedy at law, or otherwise to recover said property, or vacate said judgment, having lost his right of appeal by

the failure of the justice to enter a judgment in the action tried in the justice court, for more than thirty days after the trial thereof, and there being no remedy to vacate said justice court judgment by motion, or otherwise, more than thirty days having elapsed before entering said judgment, and that said judgment being dated back to make it appear that it had been entered on the 28th day of August, A. D. 1913.

"Wherefore, plaintiff prays judgment, and that it be decreed by the court that the judgment entered against the defendant, Herman Batzer, and against the garnishees, Fred Dietz and F. H. Stoltz, and against this plaintiff as intervener, in the action tried in the justice court, be declared to be null and void and of no effect, and that the levy made by the sheriff on the 7th day of October, A. D. 1913, under the execution issued under such judgment, be declared to be null and void and of no effect, and that such levy be released, and the property now in the hands of the sheriff belonging to this plaintiff be ordered by the court to be returned to him, and that he recover his costs and disbursements in this action."

Attached to and made a part of such complaint are exhibits "A" and "B," which are copies of the justice's judgments referred to in the complaint and are as follows:

### Exhibit "A."

Be it remembered that the summons, affidavit for garnishment, and garnishment summons were served upon the defendants as appears from the return of service of Ole P. Handy as hereto attached; that the affidavit for garnishment and garnishee summons were duly served upon Fred Dietz, and affidavit for garnishment and garnishee summons were duly served upon F. H. Stoltz, through his agent, Tollef Syverson, as appears from the return of service of Ole P. Handy as heretofore attached; that said action came for trial, and after hearing and considering said case, judgment was entered for the plaintiff, and against the defendant for the sum of forty-seven and 83-100 ($47.83) dollars, and the garnishee, F. H. Stoltz, having disclosed indebtedness seventeen and 25-100 ($17.25) dollars to the defendant, and garnishee, Fred Dietz, having disclosed indebtedness of sixty ($60) dollars to the defendant.

Now, therefore, it is adjudged that the plaintiff have judgment against F. H. Stoltz for the sum of seventeen and 25-100 ($17.25)

dollars, and the plaintiff have judgment against Fred Dietz in the sum of forty-seven and 83-100 ($47.83) dollars.

Dated at Mohall, this 28th day of August, A. D. 1913.

W. D. Keenen,

Justice of the Peace.

Exhibit "B."

Julius Batzer having filed with the above-entitled action a complaint of intervention, and said complaint of Julius Batzer having upon hearing been dismissed,

Now, therefore, upon motion of George I. Rodsater, attorney for plaintiff,

It is ordered and adjudged that the plaintiff, J. A. Halliday, have judgment against the intervener, Julius Batzer, for the sum of five ($5) dollars.

Dated this 28th day of August, A. D. 1913.

W. D. Keenen,

Justice of the Peace.

The answer consists of a qualified general denial, and also specific denials putting in issue all of the allegations of the complaint, with the exception that it is therein admitted that the justice court action referred to in the complaint was tried on August 28, 1913, and that execution was issued on the judgment rendered therein on September 22, 1913; and it is affirmatively alleged that judgment was entered by such justice on August 28, 1913, against Herman Batzer, defendant, and Fred Dietz, garnishee, for the sum of $47.83, and against the garnishee Stoltz in the sum of $17.25, also against Julius Batzer, this plaintiff, as intervener, in the sum of $5. Such answer also alleges that the plaintiff is not a party in interest, and not the proper party to maintain this action.

We are agreed that the trial court was correct in granting the motion for judgment on the pleadings and in entering the judgment here complained of, and we will briefly set forth our reasons for such conclusion.

Appellant's contention that the motion, being for a dismissal of the plaintiff's complaint, instead of for a dismissal of the action or for judgment on the pleadings, is hypercritical and clearly without merit. It is apparent that by their motion defendant's counsel intended to and did

challenge the sufficiency of the complaint to state a cause of action, and is tantamount to a demurrer upon the ground that the complaint fails to state a cause of action. A motion to dismiss the complaint can be construed only as a motion to dismiss the action, and the notice of motion apprised the plaintiff that the defendant will, at the hearing of the motion, ask "that judgment of dismissal of the action be entered, with costs."

A motion "to dismiss the complaint," or, "to strike out the complaint," or, "for judgment on the pleadings," are terms of the same import and are used interchangeably. 31 Cyc. 608.

Appellant's contention that such notice of motion is insufficient because it fails to state the grounds of the motion is equally untenable. The notice of motion, as well as the motion, sufficiently apprised the plaintiff of the fact that the sufficiency of his complaint to state a cause of action was being challenged, and this was all that was required. The district court clearly had jurisdiction to entertain such motion.

This brings us to the merits.

A sufficient answer to appellant's contention on the merits is the fact that equity will not grant relief under the facts disclosed in the complaint for the reason that a meritorious defense against the judgment sought to be set aside is not shown. Such judgment is not void upon its face, and this being true, the rule announced by this court in Halverson v. Bennett, 22 N. D. 67, 132 N. W. 434, is controlling. The syllabus in that case correctly states the court's holding, and is as follows:

"Equitable relief will not be granted against a justice's judgment, regular on its face, although void for failure to enter the same at the close of the trial, without some showing in the complaint and proofs of the existence of a meritorious defense against the cause of action forming the basis of the judgment."

Appellant's contention that he alleges a meritorious defense by the allegation "that the money in the hands of the sheriff is his property" is without merit. This money was paid by the garnishees under their disclosures of indebtedness to the defendant, Herman Batzer. Such disclosures are binding and conclusive on such garnishees. If, as this appellant contends, these garnishees are indebted to him, his remedy is plain, but he cannot properly litigate the question of such alleged liability in this action, nor could he do so in the action before the justice.

In other words, plaintiff had no right to intervene in the justice court action. The complaint discloses that the two garnishees made disclosures admitting their liability in specific amounts to Herman Batzer, the defendant, and if, as this plaintiff contends, these garnishee defendants were indebted to him his remedy against them could be in no manner affected by the decision in that action. It is well settled that in order to authorize an intervention under our Code the person seeking to intervene must have such a direct and immediate interest in the matter in litigation that he will either gain or lose by the direct operation and legal effect of the judgment. See Dickson v. Dows, 11 N. D. 407, 92 N. W. 798, and authorities cited; also in Re McClellan, 27 S. D. 109, 129 N. W. 1037, Ann. Cas. 1913C, 1029. It is clear that this plaintiff does not come within the statute on intervention as construed in the above cases.

Judgment affirmed.