[File No. 5919.]

THEOLINE R. SELL, Respondent, v. C. B. DAVIS, as Justice of
the Peace, and E. B. McCutcheon, Defendants.
E. B. McCUTCHEON, Appellant.

(237 N. W. 307.)

Opinion filed June 20, 1931.  Rehearing denied July 6, 1931.

*E. B. McCutcheon* (*C. E. Brace,* of counsel), for appellant.
*George A. McGee,* for respondent.

NUESSLE, J.  The district court of Ward county, on the petition of

the plaintiff, issued a writ of certiorari directed to the defendant, C. B. Davis, a justice of the peace. The defendant, E. B. McCutcheon, was joined as a party defendant. The writ directed the justice to certify to the district court all books, records, and documents in the case of E. B. McCutcheon v. Theoline R. Sell, a case that had been tried in his court, and in which a purported judgment had been entered and an execution issued. On the return day the defendants appeared and demurred to the petition and moved to quash the writ. The demurrer was overruled and the motion denied. Thereupon the justice of the peace filed a return, to which was attached as an exhibit a certified copy of his docket in the action in which the purported judgment was rendered, as follows:

"This action came before me on August 11, 1930, at 10:00 A. M. by appearance of plaintiff in person, and by his attorney, G. W. Twiford, and the Defendant by her attorney, I. H. Breaw, and F. G. Sell, upon what was stated by counsel to be a transfer of said action from L. W. Torgeson, Justice of the Peace. No transcript from said Justice is filed, and a copy of the Summons is used. The suit is upon an account for attorney fees, defendant claiming a contract and payment in full.

"E. B. McCutcheon sworn and testified in his own behalf, and testifies.

"Exhibits A. and B. marked and introduced in evidence.

"Witness cross-examined in behalf of Defendant.

"F. G. Sell sworn and examined.

"E. B. McCutcheon further testified and Plaintiff rests.

"Mr. F. G. Sell testifies for Defendant and Exhibits 1 and 2 marked and introduced in evidence. Witness cross-examined by Mr. Twiford on behalf of Plaintiff.

"Defendant rests.

"E. B. McCutcheon testifies in rebuttal and both sides rest.

"It is agreed that answer of Defendant shall also contain general denial.

"Both sides having rested, it is agreed that said action be continued until the transcript is obtained from L. W. Torgeson, Justice of the Peace, the Court announcing that he would give Judgment in favor

of the Plaintiff, and against the Defendant for the sum of $183.70 and costs.

"On this 5th day of September, 1930, the Court having inquired of said Justice L. W. Torgeson, and he advising the Court that he had no record or files in said action, judgment is hereby entered in favor of Plaintiff and against the Defendant for the sum of $183.70 damages and the further sum of $21.82 costs, being $3.45 Justice fees and $18.37 attorney fees, making a total judgment of $205.52.

"Dated September 5, 1930."

On this return the court held that the justice court by continuing the case indefinitely without entering judgment had lost jurisdiction, and that therefore the judgment subsequently entered was void. So the court ordered judgment that the justice cancel the judgment on his record and that the clerk of the district court of Ward county cancel and discharge upon his record the transcript filed in said court, and recall and cancel any execution issued on said judgment. Judgment was entered accordingly and the defendant, McCutcheon, appeals.

Section 8445, Comp. Laws 1913, as amended by chapter 76, Sess. Laws 1919 (§ 8445, 1925 Supplement), provides:

"A writ of certiorari shall be granted by the supreme and district courts, when inferior courts, officers, boards or tribunals have exceeded their jurisdiction and there is no appeal, nor, in the judgment of the court, any other plain, speedy and adequate remedy, and also when in the judgment of the court it is deemed necessary to prevent miscarriage of justice."

The questions on this appeal are, first, as to whether the judgment entered in the justice court was void and, second, if it was, as to whether the plaintiff is entitled to relief against the void judgment by writ of certiorari.

In considering these questions the transcript of the record and proceedings of the defendant Davis, justice of the peace, must be taken as correct. Re Evingson, 2 N. D. 184, 33 Am. St. Rep. 768, 49 N. W. 733. It appears from this transcript that the justice court had jurisdiction of the parties and of the subject matter of the action. Testimony was offered on both sides. The court orally announced his decision but failed to enter it at the close of the trial. Under the provisions of § 9100, Comp. Laws 1913, unless judgment is entered within

a reasonable time after the close of the trial, the court loses jurisdiction, and any judgment thereafter entered is void. Halverson v. Bennett, 22 N. D. 67, 132 N. W. 434; Sluga v. Walker, 9 N. D. 108, 81 N. W. 282.

Assuming without deciding that the judgment of the justice court was void because not entered as required by the statute, has plaintiff a remedy through certiorari?

The defendant in the justice court action, plaintiff here, had notice of the entry of judgment therein. She was not without remedy as against this judgment. She might either appeal, Sluga v. Walker, supra; Towle v. Bradley, 2 S. D. 472, 50 N. W. 1057; State ex rel. Williamson v. Judges of Ct. of Common Pleas, 42 N. J. L. 386; 35 C. J. 735, or she might move the justice court to vacate the void judgment, Halverson v. Bennett, supra; Miller v. Benecke, 55 N. D. 231, 212 N. W. 925. She resorted to neither of these remedies but sought to dispose of the judgment through writ of certiorari. The defendant in the instant case contends that since she had a speedy and adequate remedy either by appeal or by motion to vacate, she could not resort to certiorari for relief. We think that the defendant is right in this contention. See State ex rel. Noggle v. Crawford, 24 N. D. 8, 138 N. W. 2; Schafer v. District Ct. 21 N. D. 476, 131 N. W. 240; Towle v. Bradley, supra; 11 C. J. 113, et seq. The plaintiff insists, however, that under the statute, § 8445, quoted above, and particularly the last clause thereof added by the 1919 amendment, providing that the writ of certiorari may issue when in the judgment of the district court it is deemed necessary to prevent miscarriage of justice, the rule as applied in State ex rel. Noggle v. Crawford, supra, and Schafer v. District Ct. supra, is abrogated, and that under the facts as shown in the instant case the court might, in its discretion, issue the writ. We are unable to agree with plaintiff in this contention. We have heretofore considered the effect of the 1919 amendment and held that it does not extend the scope of the writ. See Livingston v. Peterson, 59 N. D. 104, 228 N. W. 816. But, in any event, there is no showing of miscarriage of justice in the instant case. The justice of the peace had jurisdiction over the parties and of the subject matter. The case was tried. Both parties participated in the trial. Both offered testimony. The justice announced his decision as based on that

testimony. By consent of the parties the case was continued indefinitely and entry of judgment was deferred. Nowhere in the petition for the instant writ are any facts recited from which it can even be inferred that the judgment as entered was erroneous or unjust or that upon a new trial of the issues a different judgment might result.

Judgment reversed and proceeding dismissed.

CHRISTIANSON, Ch. J., and BURR, BIRDZELL, and BURKE, JJ., concur.