[File No. 6612.]

CORA STRAUSS McLEAN, Petitioner, v. LESTER WILBER McLEAN, Respondent.

(287 N. W. 495.)

Opinion filed August 14, 1939.

*Charles L. Crum,* for petitioner.
*Francis Murphy,* for respondent.

MORRIS, J. This is a certiorari proceeding in which the petitioner is the defendant in a divorce action against whom a judgment was rendered in the district court. The application of the petitioner shows that on May 31, 1939, a decree was entered in the district court granting to Lester Wilber McLean, plaintiff, an absolute divorce from Cora Strauss McLean, the defendant. The court further decreed that the defendant pay the plaintiff a certain sum as alimony and that said sum should be a lien on the defendant's property in Burleigh county, North Dakota, and further provided for the appointment of a receiver to take charge of. such property. The decree also awarded the plaintiff a monthly alimony of $100 per month. The application shows that service of process in the divorce action was made on the plaintiff outside of the state of North Dakota. The complaint in the divorce action contains no specific description of property within this state. The application further shows, "That immediately prior to the trial of said divorce action this plaintiff made a special appearance before the District Court of Burleigh County, North Dakota, in said cause and moved the said court to dismiss all claims for alimony against her upon the

ground and for the reason that to award alimony to the plaintiff in said divorce action would be rendering a personal judgment against this plaintiff based upon constructive service and that such judgment would be void."

At the opening of the argument in this court the respondent made a motion that the writ be denied and the proceeding dismissed upon the ground that the petitioner has a right of appeal from the decree and judgment of the district court and is, therefore, not entitled to a writ. The petitioner does not attack the validity of the entire judgment. She does not question the jurisdiction of the district court to grant a decree of absolute divorce. She does contend, however, that since service of process was obtained outside of this state the court had no jurisdiction to render a personal money judgment and that the decree awarding alimony and making it a lien upon her property renders a personal judgment against her. Assuming that this contention is correct for the purpose of considering the motion to dismiss, we are confronted with the question of whether the plaintiff should be granted a writ of certiorari because the district court, in addition to granting a divorce, also included in its decree a personal judgment for alimony when service of process had been obtained without the state.

Section 8445, 1925 Supplement to Compiled Laws, provides, "A writ of certiorari shall be granted by the supreme and district courts, when inferior courts, officers, boards or tribunals have exceeded their jurisdiction and there is no appeal, nor, in the judgment of the court, any other plain, speedy and adequate remedy, and also when in the judgment of the court it is deemed necessary to prevent miscarriage of justice."

Under this section certiorari will not lie where the aggrieved party has an adequate remedy by appeal. Sell v. Davis, 61 N. D. 130, 237 N. W. 307; State ex rel. Noggle v. Crawford, 24 N. D. 8, 138 N. W. 2; Schafer v. District Ct. 21 N. D. 476, 131 N. W. 240; White v. Superior Ct. 110 Cal. 54, 42 P. 471; Sioux Falls Nat. Bank v. McKee, 3 S. D. 1, 50 N. W. 1057.

We now come to the question as to whether the petitioner has the right to appeal from the judgment of which she complains. If she has such right she may not have a writ. Her contention is that the judgment in so far as it seeks to award alimony and affect her property, is

void, and in so far as it is void, it is not appealable. There is a diversity of authority on the general question as to whether an appeal may be taken from a void judgment. 4 C. J. S. 205; 2 Am. Jur. 870, Appeal and Error. See also Sell v. Davis, 61 N. D. 130, 237 N. W. 307, supra, and Garr, S. & Co. v. Spaulding, 2 N. D. 414, 51 N. W. 867. In this case we are not dealing with a judgment that is wholly void. The petitioner attacks but a part of the judgment on the ground of invalidity. Taking the petitioner's position at its face value, she concedes that a valid decree has been rendered granting an absolute divorce and complains that the court went beyond its power in making the provisions of the decree which grant alimony and affect her property. If the petitioner's position is correct, she would have a right of appeal from that portion of the judgment granting the divorce and a right to a writ of certiorari to review the other portion of the judgment which deals with alimony and property. This court being already committed to the rule that certiorari will not lie to review a judgment that is appealable, we could not if we would review the entire judgment under a writ. When an appeal from a judgment has been properly perfected, all of the errors therein may be corrected if presented by the record. If the lower court has exceeded its jurisdiction in some of the provisions of an otherwise valid judgment, this court is not powerless to grant relief. To say that part of a judgment must be reviewed by appeal and another part of the same judgment by certiorari would be to wander close to the brink of procedural absurdity.

It has been suggested that the defendant dare not appeal from the judgment lest such appeal constitute a general appearance and a submission to the jurisdiction of the court which will waive the special appearance, and that a right of appeal in this case, therefore, does not constitute an adequate remedy. This court has held where a defendant has appeared specially and objected to the jurisdiction of the court over the person of the defendant, and the special appearance has been overruled, that the defendant may subsequently participate in a trial upon the merits without waiving the special appearance, and the question of jurisdiction may be presented upon appeal from the judgment. Burns v. Northwestern Nat. Bank, 65 N. D. 473, 260 N. W. 253; Ellingson v. Northwestern Jobbers Credit Bureau, 58 N. D. 754, 227 N. W. 360. In this case the defendant entered a special appearance objecting

to the jurisdiction of the court and participated no further. The question of whether the district court erred in overruling the defendant's special appearance may be reviewed on appeal under a proper specification. The applicant having an adequate remedy by appeal, the application for a writ of certiorari is denied.

NUESSLE, Ch. J., and CHRISTIANSON, BURKE, and BURR, JJ., concur.